UNITED STATES of America ex rel.
Robert T. CROSBY, Petitioner,

v.

STATE OF DELAWARE, Respondent.

No. 171.

United States District Court,
D. Delaware.

Aug. 17, 1972.

**214**

C. Waggaman Berl, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, Del., for petitioner.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, Del., for respondent.

## OPINION AND ORDER

LATCHUM, District Judge.

Robert T. Crosby, Jr., petitioner in this habeas corpus proceeding, was tried on July 13, 1971 in the Superior Court of the State of Delaware in and for New Castle County and convicted by a jury of selling a narcotic drug in violation of 16 Del.C. § 4725. He was sentenced on December 1, 1971 to serve a fifteen year term of imprisonment, to pay the costs of prosecution and fined $5,000. The conviction was affirmed by the Delaware Supreme Court on July 20, 1972.[1]

The principal issues before this Court were raised and decided adversely to the petitioner in the state court on appeal. Consequently, petitioner's state remedies have been effectively exhausted and the present petition is properly before this Court. Brown v. Allen, 344 U. S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), rehearing den. 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953).

Petitioner raises two points: first, that in giving instructions to the jury, the state trial court erred in placing the burden of proving entrapment upon him rather than requiring the prosecution to prove the absence of entrapment beyond a reasonable doubt; second, that the state trial court erred in refusing to direct a verdict of acquittal because the state's evidence itself showed entrapment.

On August 11, 1972, oral argument was heard on these issues. No evidentiary hearing was held inasmuch as the application for the writ presented only issues of law. 28 U.S.C. § 2254.

From the state trial record, the following facts emerge: On November 18, 1970 about five o'clock in the afternoon, Officer Larry D. Gray of the Dover Bureau of Police acting as an undercover agent and accompanied by a young female informant named Katie Flanders, went to the home of Douglas Warner. There they attempted to buy some drugs, stating that the girl needed them. After some discussion, Warner insisted that he had no drugs, but stated that he knew where they might be obtained. He thereupon telephoned the petitioner and drew a map showing Gray and Flanders how to get to the petitioner's home.

Gray and the informant then proceeded there. Upon knocking, the door was opened by petitioner's father who immediately slammed it because they looked like "bums". Petitioner, who had not previously known Gray or Flanders, then opened the door and invited the two in and escorted them to his bedroom.

1. Crosby v. State (Del.Supr.1972).

At this point the testimony becomes disputed. Officer Gray testified as follows: The petitioner asked them what they wanted and mentioned something about "speed". After the petitioner changed his clothes, the three left in Gray's car. Petitioner directed Gray to drive north to Pennsylvania. Since Gray knew that Pennsylvania was outside his jurisdiction to make an arrest, he said something about preferring heroin. Petitioner then directed Gray to turn around and drive into Wilmington. They drove to a house in the city. After entering the house, the petitioner asked Gray how much he wanted and Gray replied "three or four dime bags". Petitioner then went into the kitchen and returned with four bags,[2] which he gave to Gray in return for $40.00. Petitioner remained in the house after Gray and Flanders departed.

The petitioner testified as follows: Warner had told him over the phone that the girl (Flanders) was experiencing withdrawal symptoms and that he (Warner) could not help them. When they arrived at his home, the petitioner agreed to help them only because the girl appeared to be withdrawing. He denied any conversation about speed or that he told Gray to drive to Pennsylvania. The two had asked for heroin all along and he told them that he had heard there was a place where it might be purchased. They asked him to show them where it was and he only went along to get them out of the house. He would not have helped them at all were it not for the girl's apparent withdrawal symptoms.

At the close of the prosecution's case, counsel for the petitioner made a motion for acquittal on the ground that the state's evidence itself showed entrap-

ment. The motion was denied. The motion was renewed at the end of the defense's case and again denied.

In the instructions given by the state trial judge to the jury, he stated that the burden of proving entrapment was on the petitioner. This instruction was not excepted to at the time by defense counsel but was raised and considered on appeal.

The principal issues raised by the present petition are whether placing the burden of proving entrapment on the petitioner and refusing to direct a verdict of acquittal on grounds of entrapment were a violation of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## 1. Burden of Proof.

Entrapment has long been recognized as a defense in criminal actions in federal and most state jurisdictions. This defense has its origin in the concept that the law will not punish a man for the commission of a crime he would never have committed were he not lured into committing it by officers or agents of the law. Butts v. United States, 273 F. 35 (C.A.8, 1921). The Supreme Court established the availability of this defense in a federal prosecution in 1932 in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Likewise the defense is available in most states including Delaware. Halko v. State, Del., 209 A.2d 895 (1965).

However, despite the petitioner's claims to the contrary, the Supreme Court has never held that the defense of entrapment is available as a constitutional right in a prosecution by a state.[3] In fact, this issue has apparently been considered only by the Seventh Circuit, which held that the defense of entrap-

---

2. A state toxicologist testified that each bag was found to contain a quantity of heroin.

3. Petitioner cites several cases in which the defense of entrapment is expressed to be a fundamental law of the land. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United

States v. Sherman, 200 F.2d 880 (C.A. 2, 1952); United States v. Riley, 434 F.2d 247 (C.A. 9, 1970); United States v. Levin, 443 F.2d 1101 (C.A. 8, 1971), cert. den. 404 U.S. 944, 92 S.Ct. 297, 30 L.Ed.2d 260 (1971). However, all of these cases dealt with the availability of the entrapment defense in a federal criminal prosecution.

ment is solely a matter of local concern, not rising to a constitutional level. United States ex rel. Hall v. Illinois, 329 F.2d 354 (C.A.7, 1964), cert. den. 379 U.S. 891, 85 S.Ct. 164, 13 L.Ed.2d 94 (1964). In any case, it is not necessary for this Court to resolve this issue in the instant case.

While most courts agree that the defense is available, there is disagreement as to the elements of entrapment. The most acceptable definition is probably that given in Sorrells, supra, "when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." 287 U.S. at 442, 53 S.Ct. at 212, 77 L.Ed. 413. From this definition, two elements are readily discernible: undue inducement by a law official and lack of a predisposition to commit the crime on the part of the person thus induced. The presence of these two essential elements constitute entrapment.

It is the petitioner's contention that once the issue of entrapment is raised, the burden is on the prosecution to prove predisposition on the part of petitioner beyond a reasonable doubt in view of the constitutional presumption of innocence in general.

Unquestionably, the Fourteenth Amendment imposes on the states the requirement of proof beyond a reasonable doubt of every fact essential to the criminal offense charged. As the Supreme Court stated in In re Winship, 397 U.S. 358, at 364, 90 S.Ct. 1068 at 1073, 25 L.Ed.2d 368 (1970):

"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause pro-

tects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

While the state must prove the essential elements of a crime beyond a reasonable doubt, nothing in Winship prevents a state from creating an affirmative defense in justification of the crime wholly independent of the essential facts constituting the crime and in so doing place upon the defendant the burden of proving the facts supporting the affirmative defense. However, such action on the part of the state must be made on a rational basis. For a set of operative facts to be properly classified as an affirmative defense, they must operate as an excuse or justification for the accused, who in effect admits his guilt, but pleads nonenforceability on other grounds. For example, a state could not classify an alibi as an affirmative defense and place the burden of proof on the defendant because an alibi is really another way of denying guilt of the crime. See Stump v. Bennett, 398 F.2d 111 (C.A.8, 1968), cert. den. 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); United States v. Marcus, 166 F.2d 497 (C.A.3, 1948).[4] Other defenses which are properly classifiable as affirmative defenses are self-defense, duress, insanity, intoxication and entrapment.[5] When each of these defenses are asserted, the person charged admits committing the offense, but offers an excuse and justification for his actions. Where an accused asserts an affirmative defense, the state may properly place the burden of proving this defense on him. The Supreme Court in Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1953), held that a state statute, which placed upon the defendant the burden of proving beyond a

---

4. In Halko v. State, 54 Del. 180, 175 A.2d 42 (1961), the Supreme Court of Delaware recognized that the prosecution has the burden of proving lack of alibi beyond a reasonable doubt.

5. Previous Delaware decisions have placed the burden on the defendant of proving self-defense in Quillen v. State, 49 Del. 114, 110 A.2d 445 (1955), and insanity in Longoria v. State, 53 Del. 311, 168 A.2d 695 (1961), appeal dis. 368 U.S. 10, 82 S.Ct. 18, 7 L.Ed.2d 18 (1961).

reasonable doubt the affirmative defense of insanity, was permissible. And if a state may properly place the burden of proving insanity beyond a reasonable doubt on an accused, then undoubtedly it may require an accused to prove the affirmative defense of entrapment by a preponderance of the evidence. Thus the state trial court did not violate due process by requiring the petitioner to prove undue inducement by Officer Gray and his informant and a lack of predisposition to commit the crime on his own part.

### 2. *Motion for Acquittal.*

 Having determined that the state could properly place the burden of proving entrapment on the petitioner, the trial judge could properly deny a motion for acquittal on grounds of entrapment unless there were undisputed evidence of undue inducement by law officials and a lack of predisposition to commit the crime by the defendant. The trial record discloses that there were several disputes in the testimony of witnesses: whether the informant feigned withdrawal symptoms; whether the petitioner initially asked what drugs they wanted; whether petitioner initially offered to get them "speed" in Pennsylvania; and whether petitioner readily accompanied them to the house in Wilmington. Resolving these conflicts against the moving party, it cannot be concluded that the state trial judge erred in failing to find entrapment as a matter of law. Thus, I conclude that

the denial of the motion for acquittal on this ground did not violate due process.[6]

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A.3, 1968).

---

6. Even if the state had had the burden of proving the absence of entrapment to the jury beyond a reasonable doubt, the reasonable doubt standard is not the test to be applied by the trial judge in a motion for acquittal. The proper standard for the judge to use in that instance is whether there is evidence to rationally support a finding of guilt. As Judge Learned Hand stated in United States v. Feinberg, 140 F.2d 592 at 594 (C.A. 2, 1944):

> "[C]ourts—at least federal courts— have generally declared that the standard of evidence necessary to send a case to the jury is the same in both civil and criminal cases; and that, given

evidence from which a reasonable person might conclude that the charge in an indictment was proved, the court will look no further, the jury must decide, and the accused must be content with the instruction that before finding him guilty they must exclude all reasonable doubt."

*Accord* United States v. Coblentz, 453 F.2d 503 (C.A. 2, 1971). Using this standard in determining the motion for acquittal, the trial judge would have been correct in denying the motion even if the state had had the ultimate burden of proving the absence of entrapment beyond a reasonable doubt to the jury.