UNITED STATES of America ex rel.
John B. HAND, Sr., Petitioner,

v.

Walter W. REDMAN, Warden Delaware
Correctional Center, Respondent.

Civ. A. No. 76–167.

United States District Court,
D. Delaware.

July 14, 1976.

Eugene J. Maurer, Jr. and Arlen B. Mekler, Wilmington, Del., for petitioner.

Francis A. Reardon, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for respondent.

LATCHUM, Chief Judge.

John B. Hand, Sr., a state prisoner, has petitioned [1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in an effort to secure his release from a prison sentence imposed by the Superior Court of the State of Delaware in and for New Castle County after a jury found him guilty of one count of rape, 11 Del.C. § 763, one count of kidnapping, 11 Del. C. § 783(4), and two counts of possession of a deadly firearm during the commission of a felony. 11 Del.C. § 1447. His conviction was affirmed by the Supreme Court of Delaware, *Hand v. State*, Del., 354 A.2d 140 (1976), which rejected each of the arguments now urged in his present petition. Accordingly, he has exhausted his currently available state judicial remedies. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Each of the legal issues here presented grew out of the condition of petitioner's mental health at the time the crimes were committed.

First, petitioner complains that the trial court failed to charge the jury that his mental disability could have prevented him from forming the necessary specific intent to commit the crime of rape.[2] However, petitioner and his skilled defense

1. Petitioner was granted leave to proceed *in forma pauperis.*

2. The charge to the jury provided in part:

"In order to find the defendant guilty of Rape you must find that the following elements have been proved beyond a reasonable doubt:

\* \* \* \* \* \*

3. The defendant acted intentionally. That is, it was his conscious object or purpose to engage in. . . ."
State Docket No. 22, pp. 5–6.

**1110**

counsel did not choose to request the trial court to instruct on this issue, and the Delaware Supreme Court refused to consider this contention when raised first on appeal. The United States Supreme Court has recently stated in *Estelle v. Williams,* —— U.S. ——, ——, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126, 44 U.S.L.W. 4609, 4613 (1976):

"Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system."

Thus, while this Court has the power to consider petitioner's claim, fundamental principles of comity suggest that it would be inappropriate to question a state trial judge's failure to give an unrequested jury instruction. See *Francis v. Henderson,* —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149, 44 U.S.L.W. 4620 (1976). Furthermore, because "[h]abeas corpus will not lie to set aside even an improper jury instruction unless there is a clear showing that the error complained of was so egregious as to constitute a denial of due process," *United States ex rel. Marvel v. Anderson,* Civ. A. No. 74–231 (D.Del., Aug. 22, 1975) (slip op. at 3), and since the failure to give an unrequested, rather technical jury instruction cannot be considered a denial of due process, this claim does not achieve the constitutional status necessary for habeas corpus jurisdiction. 28 U.S.C. § 2254(a).[3]

▮ Second, petitioner contends that the provisions[4] of the Delaware Criminal Code

imposing upon the defendant who seeks a verdict of not guilty by reason of insanity the burden of proving by a preponderance of evidence that he was legally insane at the time of the crime are constitutionally defective.[5] The United States Supreme Court expressly held in *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), that a state statute forcing the defendant to carry the burden of proof in asserting an insanity defense does not run afoul of the Constitution. This Court is bound, therefore, by the holding of *Leland.*

*Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which require the state to prove beyond a reasonable doubt each fact comprising the crime charged cannot be read as overruling *Leland sub silentio.* If sanity were an essential element of every successful prosecution, it would be necessary for the state to prove sanity as part of its direct case in every criminal trial, and this clearly is not the law. *United States v. Greene,* 160 U.S.App.D.C. 21, 489 F.2d 1145, 1155 (1973), *cert. denied,* 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 *reh. denied,* 419 U.S. 1041, 95 S.Ct. 530, 42 L.Ed.2d 318 (1974). Thus, requiring the defendant to prove his insanity does not constitute a veiled effort to shift the state's traditional burden of proof of the essential elements of an offense. *Cf. United States v. Dube,* 520 F.2d 250, 255 (C.A. 1, 1975) (concurring opinion). In sum, there is no inconsistency between the holding of *Winship* and the holding of *Leland, Mullaney v. Wilbur, supra,* 421 U.S. at 705, 95 S.Ct. 1881, (Rehnquist, J., concur-

---

**3.** 28 U.S.C. § 2254 provides that the writ of habeas corpus shall be available "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."

**4.** 11 Del.C. § 401 provides:

"(a) In any prosecution for an offense, it is an affirmative defense that, at the time of the conduct charged, as a result of mental illness or mental defect, the accused lacked substantial capacity to appreciate the wrongfulness of his conduct or lacked sufficient willpower to choose whether he would do the act or refrain from doing it.

"(b) If the defendant prevails in establishing the affirmative defense provided in subsection (a) of this section, the trier of facts shall return a verdict of 'not guilty by reason of insanity'."

11 Del.C. § 304 provides in part:

"(a) When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence."

**5.** The Supreme Court of Delaware rejected similar contentions in *Rivera v. State,* Del., 351 A.2d 561 (1976).

ring); *see United States ex rel. Crosby v. State of Delaware*, 346 F.Supp. 213 (D.Del. 1972), and, accordingly, petitioner's second contention does not present a constitutional claim that is reviewable in a habeas corpus proceeding. *Hill v. Lockhart*, 516 F.2d 910 (C.A. 8, 1975); *Phillips v. Hocker*, 473 F.2d 395 (C.A. 9, 1973), *cert. denied*, 411 U.S. 939, 93 S.Ct. 1916, 36 L.Ed.2d 401 (1973).

■ Third, petitioner contends that he is entitled to habeas corpus relief because the trial judge failed to comply with his request for a jury instruction setting forth the consequences of a verdict of not guilty by reason of insanity.[6] Although a number of jurisdictions, *see, e. g., Lyles v. United States*, 103 U.S.App.D.C. 22, 254 F.2d 725 (1957), *cert. denied*, 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958); *Commonwealth v. Mutina*, 323 N.E.2d 294 (Mass.1975); *contra Garrett v. State*, Del., 320 A.2d 745 (1974), have adopted petitioner's rationale that an uninformed jury might return a guilty verdict primarily to insure that a mentally ill individual would be confined, there does not appear to be a constitutional underpinning to this argument. Therefore, petitioner has failed to satisfy the jurisdictional requirement of detention in violation of the Constitution or laws of the federal government. 28 U.S.C. § 2254(a).

Accordingly, the petition for a writ of habeas corpus will be dismissed and the writ denied.

---

**6.** See 11 Del.C. § 403(a) which provides:

"Upon a rendition of a verdict of 'not guilty by reason of insanity,' the court shall, upon motion of the Attorney General, order that the person so acquitted shall forthwith be committed to the Delaware State Hospital."