Edward FARRELL, Petitioner,

v.

Jack CZARNETSKY, Superintendent of
Eastern Correctional Facility,
Respondent.

No. 76 Civ. 2355 (CMM).

United States District Court,
S. D. New York.

Aug. 4, 1976.

William E. Hellerstein, William J. Gallagher, New York City, for petitioner; Barry Bassis, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Kevin J. McKay, Asst. Atty. Gen., New York City, of counsel.

METZNER, District Judge:

In this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner alleges that his confinement at the Eastern Correctional Facility upon conviction of first degree robbery is in violation of the due process clause of the Fourteenth Amendment under the holding of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Petitioner was convicted of two counts of robbery in the first degree and of possession of a weapon on June 4, 1974. On October 16, 1975, the Appellate Division of the First Department reversed the conviction on the weapon count and affirmed the judgment as modified. Leave to appeal to the Court of Appeals was denied on November 28, 1975. Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c), since he raised his claim under *Mullaney, supra,* in the state courts.

Section 160.15 of the New York Penal Law under which petitioner was convicted provides:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

\* \* \* \* \* \*

4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime."

Petitioner contends that since Section 160.15(4) placed the burden on him to prove that the weapon used in the robberies was not loaded or inoperable in order to reduce the charge from first to second degree robbery, that statute violates the due process clause of the Fourteenth Amendment.

988

The constitutionality of Section 160.15(4) of the New York Penal Law was upheld in *People v. Felder,* 39 A.D.2d 373, 334 N.Y. S.2d 992 (2d Dept. 1972), *aff'd,* 32 N.Y.2d 747, 344 N.Y.S.2d 643, 297 N.E.2d 522, *appeal dismissed for want of a substantial federal question,* 414 U.S. 948, 94 S.Ct. 299, 38 L.Ed.2d 204 (1973). *Felder* has not been overruled by *Mullaney.*

In *Mullaney* the Supreme Court reversed a murder conviction because the Maine law required the defendant to establish that he acted in the heat of passion upon sudden provocation in order to reduce the charge of murder to manslaughter. An essential element of the crime of murder, malice aforethought, was presumed upon proof that a homicide was intentional and unlawful. The effect of this presumption, and of the requirement that the defendant disprove the element of malice aforethought, was interpreted by the Court to relieve the prosecution of its burden to prove all the elements of the crime of murder beyond a reasonable doubt in violation of the due process clause of the Fourteenth Amendment as interpreted in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In *Mullaney* the Court held that a presumption which relieved the state of proving what had historically been an essential element of the crime of murder violated due process. The Court did not strike down all presumptions and affirmative defenses which operate to shift the burden of proof in a criminal trial to the defendant. See *Mullaney, supra,* 421 U.S. at 702 n. 31, 95 S.Ct. 1881. Its holding is inapplicable to the affirmative defense provided in Section 160.15(4) of the New York Penal Law, as has recently been held by a New York court which considered a challenge identical to the instant claim. See *People v. Archie,* 85 Misc.2d 243, 380 N.Y.S.2d 555 (1976).

Section 160.15 requires that the prosecution prove beyond a reasonable doubt that the defendant forcibly took property by the display of what appears to be a firearm. The fact that the firearm is loaded is not an essential element of the crime of robbery and the prosecution is not relieved of any of its burden of proof.

The affirmative defense is an ameliorative device which permits the defendant to show, after his guilt has been proved, that he was unable to complete the assault he threatened with the firearm. Due process is not offended by requiring the defendant to prove, after the prosecutor has first established the display of a firearm, that the firearm was not loaded. If he does not, the jury is entitled to presume what the criminal's victim presumes, that is, that the gun is loaded.

This petition is dismissed.

· So ordered.