Herminio RODRIGUEZ, Petitioner,

v.

Harold SMITH, Superintendent of Attica Correctional Facility, Respondent.

No. 76 Civ. 2602 (JMC).

United States District Court,
S. D. New York.

March 3, 1977.

The Legal Aid Society (William E. Hellerstein and Morrell I. Berkowitz, New York City, of counsel), for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City (Kevin J. McKay, New York City, of counsel), for respondent.

CANNELLA, District Judge..

Petition for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2254, is hereby denied.[1]

This is the most recent in a line of cases challenging New York's scheme of affirmative defenses on the basis of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).[2] The instant applica-

[1]. Petitioner, currently an inmate at Attica Correctional Facility pursuant to a judgment of the New York Supreme Court, Bronx County entered October 26, 1973, was convicted after a jury trial of attempted robbery in the first degree, attempted grand larceny in the third degree and possession of a weapon as a misdemeanor. The Appellate Division, First Department reversed the conviction for attempted grand larceny and affirmed the judgment in all other respects. Leave to appeal to the Court of Appeals was denied on June 17, 1975, only eight days after the Supreme Court decided *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Petitioner's motion for reconsideration in light of *Mullaney v. Wilbur* was denied by the appellate division

and leave to appeal that decision was similarly denied by the Court of Appeals. Petitioner then exhausted his state remedies by moving for an order, pursuant to New York Criminal Procedure Law § 440.10(1)(h), vacating the judgment of conviction and granting a new trial. Leave to appeal from the denial of this motion was denied on January 20, 1976.

[2]. In *Mullaney* the Supreme Court held "that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 421 U.S. at 704, 95 S.Ct. at 1892. Since the Court's decision in *Mullaney,* two judges in this district have considered the constitutionality of New York Penal Law Sec-

tion challenges the constitutionality of New York Penal Law § 40.10(3), which makes renunciation of an "attempt" crime an affirmative defense.[3] Under New York law it is the defendant who has the burden of establishing an affirmative defense by a preponderance of the evidence.[4] Petitioner's sole contention herein is that this failure to require the prosecution to establish beyond a reasonable doubt a fact upon which guilt hinges, i. e., the absence of a voluntary renunciation of the criminal enterprise, violates *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), as well as *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), upon which *Mullaney* is based.

In *Winship* the Supreme Court held that the Due Process Clause protects an accused "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364, 90 S.Ct. at 1073. In *Mullaney* this rule was construed to apply to facts determinative of the degree of culpability, as well as to facts establishing criminality. In order to reduce the offense from murder to manslaughter, the petitioner in *Mullaney* had been required at his state murder trial to bear the burden of proving, by a preponderance of the evidence, that he had committed the homicide in the heat of passion on sudden provocation. The Court found that this shift of the burden of establishing a critical fact in dispute from the prosecution to the defendant violates the Due Process Clause of the fourteenth amendment.

In neither *Winship* nor *Mullaney*, however, did the Supreme Court suggest that a defendant in a criminal case could under no circumstances be required to establish an affirmative defense. Indeed, in *Mullaney* the Court merely stated that "the Due Process Clause demands more exacting standards before the State may require a defendant to bear [the] ultimate burden of persuasion." 421 U.S. at 703 n.31, 95 S.Ct. at 1892. See also *Mullaney v. Wilbur*, 421 U.S. 684, 705–06, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (Rehnquist, J., concurring). The *Mullaney* Court, however, did not articulate the situations and circumstances in which a defendant may be so burdened. To ascertain this, the Court must delve into the policies supporting *Mullaney* and *Winship* and determine whether they would be fostered in the case before it.[5]

The holdings of *Mullaney v. Wilbur* and *In re Winship* are based upon the value, fundamental to our system of criminal justice, that it is a great deal worse to convict an innocent person than to acquit a guilty one. *Mullaney v. Wilbur*, 421 U.S. 684,

---

tions 160.15 and 25.00, which make the fact that a firearm used in a robbery was unloaded an affirmative defense (thus relieving the prosecution from having to prove that the gun was loaded), and have disagreed as to its effect. *Redout v. Henderson*, No. 76–3836 (S.D.N.Y. October 13, 1976) (Frankel, J.) (unconstitutional); *Farrell v. Czarnetsky*, 417 F.Supp. 987 (S.D.N.Y.1976) (Metzner, J.) (constitutional).

**3.** § 40.10 Renunciation

    3. In any prosecution pursuant to section 110.00 for an attempt to commit a crime, it is an affirmative defense that, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose, the defendant avoided the commission of the crime attempted by abandoning his criminal effort and, if mere abandonment was insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof.

**4.** § 25.00 Defenses; burden of proof

1. When a "defense," other than an "affirmative defense," defined by statute is raised at a trial, the people have the burden of disproving such defense beyond a reasonable doubt.

  2. When a defense declared by statute to be an "affirmative defense" is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence.

**5.** After *Mullaney v. Wilbur* was decided, a number of courts attempted to grapple with its teachings. Most notable is the decision of the New York Court of Appeals in *People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S.2d 573, 347 N.E.2d 898 (1976), *probable jur. noted sub nom. Patterson v. New York*, 429 U.S. 813, 97 S.Ct. 52, 50 L.Ed.2d 72 (1976). Without discussing the policies supporting the reasonable doubt standard, the court emasculated the *Mullaney* decision by a technical reading of its holding.

699–701, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 361–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The reasonable doubt standard—requiring the government to establish a defendant's guilt by proof beyond a reasonable doubt—promotes this value by reducing the incidence of convictions of innocent defendants.[6] *In re Winship,* 397 U.S. at 370–72, 90 S.Ct. at 1068 (Harlan, J., concurring); *Speiser v. Randall,* 357 U.S. 513, 525–26, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958).

■ In spite of this, the reasonable doubt standard does not apply to all facets of a criminal prosecution. The admissibility of evidence has traditionally been governed by the preponderance of the evidence standard. *United States v. Matlock,* 415 U.S. 164, 177, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). The Supreme Court has even ruled that a state statute requiring a defendant in a criminal case to prove his insanity *beyond a reasonable doubt* does not run afoul of the Constitution. *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952).[7] In the language of the Supreme Court, the reasonable doubt standard applies only to those facts "necessary to constitute the crime" charged. *Mullaney v. Wilbur,* 421 U.S. at 697, 95 S.Ct. 188; *In re Winship,* 397 U.S. at 364, 90 S.Ct. 1068; *Davis v. United States,* 160 U.S. 469, 493, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

■ This Court is of the opinion that burdening the defendant with proving the renunciation defense embodied in New York Penal Law § 40.10(3) is not inconsistent with the above rationale, because proof of this defense does not require proof of any "fact necessary to constitute the crime" of attempted robbery. The prosecution is not relieved of the burden of persuasion on any of the critical facts in dispute and, thus, § 40.10(3) passes constitutional muster.

In *Mullaney,* the Court's decision rested on the fact that the issue upon which the defendant had the burden of proof [8]—the presence or absence of "heat of passion on sudden provocation"—has been, almost from the inception of the common law, the single most important factor in determining the degree of culpability attaching to a homicide—to wit, whether a murder or merely a manslaughter has occurred. Because Maine chose to distinguish between murder (an unlawful homicide) and manslaughter (an unlawful homicide committed in the heat of passion) based upon this factor, the absence of heat of passion is a fact which goes to the essence of the crime of murder and therefore is "necessary to constitute" that crime. Requiring the prosecution to prove beyond a reasonable doubt the absence of "heat of passion on sudden provocation" helps to ensure that a defendant who is guilty of manslaughter (and thus *innocent* of murder) will not be convicted of murder.

6. The premise underlying this line of reasoning is that there is a margin of error in every fact finding process. Where an interest as fundamental as the liberty of an individual is at stake, as it ordinarily is in a criminal trial, enhancing the burden of persuasion to require proof beyond a reasonable doubt (as opposed to by a preponderance of the evidence) increases the likelihood that errors will redound to the defendant's benefit rather than to his detriment.

7. *Mullaney* has cast serious doubts upon *Leland's* continuing validity. *Buzynski v. Oliver,* 538 F.2d 6 (1st Cir. 1976); *United States v. Austin,* 533 F.2d 879, 890 n.33 (3d Cir. 1976). *But see Mullaney v. Wilbur,* 421 U.S. 684, 704–06, 95 S.Ct. 1881, 1893, 44 L.Ed.2d 508 (1975) (Rehnquist, J., concurring) (". . . the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime"); *United States ex rel. Hand v. Redman,* 416 F.Supp. 1109, 1110 (D.Del.1976) ("requiring the defendant to prove his insanity does not constitute a veiled effort to shift the state's traditional burden of proof of the essential elements of an offense").

In a recent case a New York court concluded that a defendant, acquitted of a charge of murder by reason of insanity, cannot be constitutionally required to prove by a preponderance of the evidence that he is not dangerous to himself or others. *Lublin v. Central Islip Psychiatric Center,* 391 N.Y.S.2d 603 (Appellate Division 2nd Dept., 1977).

8. Throughout the remainder of this opinion the term "burden of proof" is used interchangeably with "burden of persuasion."

By contrast, the renunciation defense granted by New York Penal Law § 40.10(3) represents a policy decision by the legislature to allow a person who *is guilty* of an attempt crime to escape punishment if he can show that he voluntarily abandoned the criminal enterprise before committing the crime attempted. Because a completed crime is required before renunciation comes into play, burdening the defendant with establishing this defense neither relieves the prosecution of its burden of establishing any element of the crime by proof beyond a reasonable doubt nor enhances the possibility of convicting an innocent defendant. The factors that invoked the Due Process Clause in *Mullaney* are thus absent where renunciation of an attempt is in issue.[9]

At petitioner's trial, the jury was instructed that they had to be satisfied that Rodriguez, with intent to commit a robbery, had engaged in conduct which tended to effect the commission of a robbery. Thus, no less was required of the government here than is required in any other attempt prosecution under the laws of New York. Moreover, petitioner's renunciation defense did not raise an issue of mental state or intent, which would be constituents of the crime charged, as did the statute examined in *Mullaney*. Section 40.10(3) is merely an incentive to abandon a criminal enterprise before the damage caused by an attempt is compounded by commission of the crime attempted.

Based upon the foregoing analysis, the Court concludes that the distinction between the Maine statutory scheme invalidated in *Mullaney* and § 40.10(3) of the New York Penal Law is of constitutional significance.[10] It typifies the distinction between essential facts constituting the crime charged and facts that are collateral to and wholly independent thereof.[11] The defendant, as a matter of constitutional due process, may not be saddled with the burden of establishing the former, but may be required to prove the latter. Accordingly, the instant petition is dismissed.

SO ORDERED.

---

9. In this regard, it is significant that a defendant may both commit an attempted robbery and renounce the offense as well. Under the Maine statute discussed in *Mullaney,* a defendant was either guilty of manslaughter or of murder, but not both. He either acted in the heat of passion, or did not.

10. For a case reaching the same result, but on different analysis, *see Cowart v. State,* 136 Ga. App. 528, 221 S.E.2d 649, 651 (1975), *aff'd,* 237 Ga. 282, 227 S.E.2d 248 (1976).

11. This reasoning should apply with equal force to the defense of entrapment. In essence, the entrapment defense also does not negative an element of the crime or assert that the defendant has not engaged in criminal conduct. See Note, *Unburdening the Criminal Defendant: Mullaney v. Wilbur and the Reasonable Doubt Standard,* 11 Harv.C.R.-C.L.L.Rev. 390, 415 (1976). The defense is interposed, rather, "to present facts collateral or incidental to the criminal act to justify acquittal on the ground *of an overriding public policy* . . .." *Gorin v. United States,* 313 F.2d 641, 654 (1st Cir. 1963). *Accord, United States ex rel. Crosby v. Delaware,* 346 F.Supp. 213 (D.Del.1972). A pre-*Mullaney* case which found placing the burden of establishing inducement (the operative element of the entrapment defense) on the defendant constitutional is *United States v. Braver,* 450 F.2d 799 (2d Cir. 1971), *cert denied,* 405 U.S. 1064, 92 S.Ct. 1493, 31 L.Ed.2d 794 (1972).

In *Frazier v. Weatherholtz,* 411 F.Supp. 349, 352–53 (W.D.Va.1976), it was held that *Mullaney* requires the prosecution to prove, beyond a reasonable doubt, the absence of self defense when that issue is properly presented. Because self defense pertains to the intent with which an act is undertaken, this result is consistent with the above analysis.