# (March 18, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL G. JOHNSTON, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered February 27, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and attempted robbery in the first degree. At 3:30 A.M. on April 15, 1980, two men entered a Hess gas station in the Town of Vestal. One of the men pointed what appeared to be a pistol at the station attendant and demanded money, while the other ripped out the cord of the public telephone outside the station office. When the station attendant produced only about $50 and affirmed that this was all the cash available, the man holding the gun stated, "I was just kidding, forget it ever happened", and the two men departed. Less than one hour later, the same two men initiated a similar holdup at a Hess station in the Town of Union. On this occasion, however, the assailants took the money produced by the station attendant and discharged the gun before leaving the station. The police subsequently recovered a spent .45 caliber bullet at the premises. Defendant and his codefendant, Martin Shaw, were arrested that day and subsequently indicted as the principals in these offenses. The first count of the indictment charged robbery in the first degree arising out of the Union gas station incident. The remaining two counts related to the Vestal gas station offense, and charged two alternative forms of attempt to commit robbery in the first

degree, namely, while armed with a deadly weapon (Penal Law, § 160.15, subd 2) and while displaying what appeared to be a pistol (Penal Law, § 160.15, subd 4). The trial court granted defendant's motion to suppress the postarrest police seizure of weapons from defendant's residence. The prosecution's evidence consisted mainly of the testimony of the two gas station attendants. They related the foregoing events and identified defendants. The attendant at the station in Union also described the gun used as being similar in appearance to a Colt .45 automatic. Neither defendant nor Shaw testified. The trial court granted a defense request to charge the affirmative defense of renunciation (Penal Law, § 40.10, subd 3) on the attempted robbery counts. The jury returned a verdict of guilty as charged on the robbery, first degree, count, relating to the Town of Union incident, and on the first of the two alternative counts of attempted robbery (while armed with a deadly weapon), committed at the Vestal gas station. Contrary to defendant's contention, there was sufficient evidence to sustain the jury's verdict convicting defendant of attempted robbery (while armed with a deadly weapon) despite the absence of direct evidence that the gun they employed was loaded and capable of being discharged. The jury could reasonably have discounted the victim's testimony that the weapon appeared to be a *revolver,* and concluded that it was the same weapon as the Colt .45 caliber *automatic* used subsequently in the Town of Union robbery, which was actually discharged. Nor was error committed by the trial court in refusing to charge menacing (Penal Law, § 120.15) as a lesser included offense to the attempted robbery counts. Defendant's argument in support of this claim is that on the basis of defendant's discontinuance of the Vestal robbery, the jury could reasonably have acquitted defendant of attempted robbery under the renunciation defense, but could also have found that the use of the weapon at Vestal before discontinuance constituted menacing. This argument is somewhat undercut by the jury's rejection of the renunciation defense, implicit in its verdict of guilty of attempted robbery. Moreover, even if the evidence could have supported a jury finding of renunciation, that fact does not demonstrate that on any view of the evidence here, the jury could reasonably have found that "the defendant committed [the] lesser offense [menacing] but did not commit the greater [attempted robbery]" (CPL 300.50, subd 1), thereby requiring the submission of the lesser charge of menacing. Renunciation does not negate the commission of the inchoate crime of attempt. As defined, renunciation applies only when "the defendant avoided the commission of the crime attempted" (Penal Law, § 40.10, subd 3). It thus assumes that all elements of the attempt have been established, merely offering the perpetrator an opportunity and incentive to escape punishment by voluntarily abandoning the criminal enterprise before completing the commission of the substantive crime already attempted (*Rodriguez v Smith,* 428 F Supp 892, 895). Any viability of the renunciation defense here thus refutes, rather than supports, defendant's argument that menacing should have been charged. Under no reasonable view of the evidence could the jury have found that demanding money at gunpoint, while rendering the only telephone at the premises inoperable, constituted menacing and not attempted robbery. Defendant's remaining contentions concerning the validity of the convictions are also without merit. Finally, we find unpersuasive defendant's arguments that his sentence for robbery in the first degree was excessive. Based upon the evidence at the trial and the probation report, it was not unreasonable for the court to have concluded as it did that the offenses were premeditated and not the product of intoxication, and that defendant's role in supplying and discharging the weapon constituted aggravating circumstances requiring the imposition of more than the minimum sentence. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.