■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PEARSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered September 29, 1983, convicting him of robbery in the second degree, criminal use of a firearm in the second degree, criminal possession of stolen property in the second degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dubin, J.), of defendant's application to suppress statements made by him to the police.

Judgment affirmed.

We agree with Criminal Term's determination, made after a *Huntley* hearing, that four statements made by defendant to police officers were voluntary and, therefore, admissible. There is no evidence in the record to indicate that the statements were the product of unlawful police action, or that defendant, because

of pain and/or discomfort caused by a wound he received at the scene, did not know what he was doing at the time he made the incriminating statements (see *People v Lynes,* 49 NY2d 286; *People v Kaye,* 25 NY2d 139, 144; *People v McKie,* 25 NY2d 19).

By failing to make application to the trial court to withdraw his plea or to vacate the judgment of conviction, defendant has not preserved for appellate review the issue of the sufficiency of the plea allocution (see *People v Pellegrino,* 60 NY2d 636). In any event, review in the interest of justice would not result in vacatur of the plea because although the court may have failed to specifically advise defendant of his right to cross-examine witnesses and his right to have the People prove his guilt beyond a reasonable doubt, the record discloses that the allocution, at the very least, satisfied the requirements of *People v Harris* (61 NY2d 9).

We have examined defendant's remaining contention and find it to be without merit. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.