■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILIO EASTMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered June 10, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements.

Judgment affirmed.

We have reviewed the record of the *Huntley* hearing and conclude that the evidence supports the suppression court's determination that defendant's confession was voluntarily made *(see, People v Gee,* 104 AD2d 561, *lv denied* 64 NY2d 759; *People v Armstead,* 98 AD2d 726). Although defendant, who had been shot and wounded during the crime, had undergone surgery earlier in the day, he was nevertheless coherent, alert and fully aware of what he was doing when, at his request, and with the approval of hospital personnel, he spoke to a detective and a prosecutor in his hospital room and, upon receiving his *Miranda* warnings and waiving his rights, made a detailed confession to the crime *(see, People v Pearson,* 106 AD2d 588).

In addition, defendant's motion to sever his case from that of his codefendant was properly denied, inasmuch as defendant's own confession was more detailed and inculpatory than that of his codefendant, and the latter added nothing to the former. Thus, the probability of prejudice accruing to defendant was negligible *(see, People v Berzups,* 49 NY2d 417, 425).

Finally, the trial court properly permitted a police officer to testify as to a statement made by the dying victim, as he lay on the street minutes after having been shot, to the effect that he had been robbed and that he might have shot one of his assailants. The circumstances surrounding the victim's declaration reasonably justified the conclusion that it had been uttered while the victim remained under the influence of a startling event, i.e., the shooting and resulting injury, and not after a period of reflection or deliberation which might have led him to be untruthful. Thus, the statement was admissible as a spontaneous declaration or excited utterance *(People v Edwards,* 47 NY2d 493, 496-497; *see also, People v O'Neall,* 47 NY2d 952; *People v Caviness,* 38 NY2d 227, 230-231), even

though made in response to an innocuous question of a police officer coming to the victim's aid *(see, People v Edwards, supra, at pp 495, 498-499)*.

We have considered such other of defendant's contentions as have been preserved for appellate review and find them to be lacking in merit. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.