■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KING, Also Known as THOMAS ROSS, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Sherman, J.), both rendered December 5, 1983, convicting him of attempted burglary in the second degree and escape in the second degree, upon his pleas of guilty, and imposing sentences. This appeal brings up for review the partial denial, after a hearing (Linakis, J.), of defendant's application to suppress statements made by him to the police.

Judgments affirmed.

Criminal Term properly concluded, after a *Huntley* hearing, that one of the statements made by defendant to the police was not elicited by improper police conduct designed to trigger an incriminating response, but rather was spontaneously and voluntarily made. Therefore, the statement was admissible *(see, People v Lynes,* 49 NY2d 286; *People v Pearson,* 106 AD2d 588). Contrary to defense counsel's belief, as indicated in his appellate brief, defendant's remaining statements to the police were suppressed by Criminal Term.

With respect to defendant's challenge to the sufficiency of his plea allocutions, by failing to make an application to withdraw his pleas or to vacate the judgments of conviction defendant has not preserved this issue for our review *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636). In any event, the allocutions fully satisfied the requirements of *People v Harris* (61 NY2d 9).

Furthermore, the sentences imposed were promised as part of the bargained-for pleas and are less than the maximum permissible sentences for the crimes for which defendant stands convicted. Under these circumstances and in view of defendant's criminal history, the challenged sentences are neither harsh nor excessive. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.