■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GRAHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered January 10, 1983, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion for a severance.

Judgment affirmed.

The defendant's convictions for felony murder and robbery in the first degree stem from his participation in the shooting death and robbery of one Ronald Sanders during the early morning hours of December 19, 1981, at the Utica Avenue "A" train subway station in Brooklyn. The defendant initially claims that the trial court erred in permitting token booth clerk Claude Watson, an eyewitness to the incident, to testify that shortly before the shooting the decedent had approached his booth and pleaded "where's a cop? They're trying to rip me off upstairs". The trial court properly admitted that statement as an excited utterance. In determining whether a declaration may qualify as an excited utterance, "the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards,* 47 NY2d 493, 497; *see, People v Grant,* 113 AD2d 311). In the instant case, the record reveals that the defendant confronted the decedent on the street and fired three bullets at him as he fled down the stairs of the subway station. The challenged declaration was made only seconds thereafter. The traumatic and startling nature of the event and its nearness in time to the statement clearly render the decedent's remark inherently trustworthy and therefore admissible *(see, People v Edwards, supra; People v Eastman,* 114 AD2d 509; *Matter of Lydia K.,* 112 AD2d 306, *affd* 67 NY2d 681).

We further reject the defendant's contention that his pretrial motion for a severance was erroneously denied. Both he and his codefendant gave numerous oral and videotaped confessions to the authorities after their arrests. These admissions, while cross-inculpatory to some degree, were so similar that they interlocked; therefore, it is unlikely that any prejudice to this defendant resulted from the admission of his codefendant's confession *(see, People v Cruz,* 66 NY2d 61; *People v Berzups,* 49 NY2d 417; *People v Eastman, supra).*

Thus, the defendant's motion for a severance was properly denied.

Additionally, we discern no error in the trial court's refusal to charge the jury on the affirmative defense of renunciation. That defense requires some showing that the defendant withdrew from his participation in the offense prior to its commission and "made a substantial effort to prevent the commission thereof" (Penal law § 40.10 [1]). Since no such showing was made in this case, the requested charge was unwarranted and properly denied (see, People v Tayeh, 96 AD2d 1045).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.