■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Sweeny, J.), rendered September 9, 1987, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his request that the jury be charged on the defense of renunciation. We disagree. While it is true that the defense of renunciation provided for in Penal Law § 40.10 (3) permits "a person who is *guilty* of an attempt crime to escape [responsibility] if he can show that he voluntarily abandoned the criminal enterprise before committing the crime attempted" *(Rodriguez v Smith,* 428 F Supp 892, 895; *see also, People v Johnston,* 87 AD2d 703, 704), the record reveals that there was no factual basis for that defense in this case.

The defendant, who was seated in the back seat of a taxicab, put his arm around the cab driver's neck and, placing a gloved finger of the other hand to the driver's head, demanded money or "I'll blow your head off". The driver said that the money was in the trunk. After about two minutes, the driver realized that the defendant had no gun and pushed back so that defendant went back into the back seat. He also electronically locked the doors to prevent the defendant's escape and drove directly to a police station. The defendant said "You got me", made no attempt to take possession of the money or to escape, and was arrested without incident.

These facts do not suffice to raise the defense of renunciation. Therefore, the charge was unwarranted and the request to so charge was properly denied *(see, People v Graham,* 120 AD2d 611, 612; *People v Tayeh,* 96 AD2d 1045, 1047).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.