**Melvin GRAHAM, Petitioner,**

v.

**Robert HOKE, Superintendent, Eastern Correctional Facility; Robert Abrams, Attorney General of the State of New York; and Charles J. Hynes, District Attorney, Kings County, Respondents.**

**No. 90 C 2333.**

United States District Court,
E.D. New York.

Dec. 11, 1990.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner applies for a writ of habeas corpus.

In 1982 in Supreme Court, Kings County, New York, petitioner, then nineteen years old, was convicted after a jury trial of murder in the second degree and robbery in the first degree. The court sentenced him to concurrent terms of twenty years to life on the murder conviction and twelve and one half to twenty five years on the robbery conviction.

Before trial the court denied petitioner's motion for a severance of his case from that of his codefendant, Benjamin Stephens, despite the court's ruling that "interlocking" confessions by the two defendants would be admitted in evidence.

On appeal to the Appellate Division, Second Department, petitioner contended, among other things, that his pretrial motion for a severance was erroneously denied. The Appellate Division affirmed on May 12, 1986, stating in a memorandum opinion, among other things, that the "admissions" of petitioner and Stephens "while cross-inculpatory to some degree, were so similar that they interlocked; therefore, it is unlikely that any prejudice to this defendant resulted from the admission of his codefendant's confession," citing *People v. Cruz*, 66 N.Y.2d 61, 495 N.Y.S.2d 14, 485 N.E.2d 221 (1985). *People v. Graham*, 120 A.D.2d 611, 502 N.Y.S.2d 83 (2 Dept.1986).

On September 12, 1986 the New York Court of Appeals denied petitioner's application for leave to appeal. 68 N.Y.2d 812, 507 N.Y.S.2d 1030, 499 N.E.2d 879 (1986).

On February 20, 1987 petitioner moved in Supreme Court, Kings County, under N.Y. C.P.L. § 440.10, claiming that he had been denied the effective assistance of appellate counsel. The motion was denied on May 7, 1987.

On July 10, 1987 petitioner made a second motion under Section 440.10, contending that the United States Supreme Court decision in *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), was applicable to his case and should be retroactively applied. The *Cruz* case held that it was error to admit a codefendant's confession inculpating another defendant even though that defendant had made an "interlocking" confession.

Justice Ronald A. Zweibel denied the motion, deciding that while the Supreme Court decision in *Cruz* should be retroactively applied and petitioner's right to confrontation had been violated, the error was harmless beyond a reasonable doubt. 140 Misc.2d 417, 531 N.Y.S.2d 172 (1988).

The Appellate Division affirmed the denial of the motion, stating, among other things, that petitioner's confession was detailed and comprehensive and "satisfactorily explained his part in the crime" and that "in addition" petitioner "did not repudiate his confession, and he was identified in court by a witness to the crime." The court held that any error in admitting the codefendant's interlocking statements was harmless beyond a reasonable doubt. 158 A.D.2d 714, 552 N.Y.S.2d 162 (2 Dept.1990).

On May 1, 1990 the Court of Appeals denied petitioner's application for leave to appeal. 76 N.Y.2d 735, 558 N.Y.S.2d 897, 557 N.E.2d 1193 (1990).

In this court petitioner makes several arguments, all of which were exhausted in the state courts and only one of which has any merit, namely, the contention that petitioner's confrontation rights under the Sixth and Fourteenth Amendments were violated by the admission Stephens' confession.

The only questions are whether the Supreme Court decision in *Cruz v. New York*, *supra*, decided after the trial in this case and after the direct appeal from the judgment of conviction, should be retroactively applied and, if it is, whether admission of Stephens' statement was harmless error.

It would serve no purpose to rehearse the history of the Supreme Court decisions discussing retroactive application of new rulings to convictions challenged by habeas corpus petitions. The law is well summarized by Judge Stanton in *Reddy v. Coombe*, 730 F.Supp. 556, 565–66 (S.D.N.Y. 1990), *aff'd on other grounds*, 916 F.2d 47 (2d Cir.1990).

For reasons stated by Judge Stanton, the court concludes that *Cruz*, whether it be a new or an old ruling, should apply to this case, and turns to the question whether the error was harmless.

Even if *Cruz* were to be deemed "old" law, petitioner preserved the issue of whether Stephens' statement was admissible. Before trial petitioner's attorney moved to sever his case from that of Stephens, arguing that the confessions did not interlock under the then rule in New York State courts making interlocking confessions admissible.

As the Supreme Court in *Cruz* said, the admission of a codefendant's confession corroborating the other defendant's confession significantly harms that defendant's case by making less plausible any contention that his own confession was coerced or otherwise unreliable. Moreover, because the judge had to charge that Stephens' statement could be used only against Stephens, petitioner's counsel was as a practical matter placed in a dilemma in determining whether to cast doubt on Stephens' statement. Had he done so the jury might have construed his efforts as an implied admission that that statement bore on his client's case.

It is true that in addition to the two confessions there was significant evidence showing petitioner to be one of those responsible for the crime. But there is no apparent basis for the conclusion by the Appellate Division that petitioner "did not repudiate his confession." Surely that court was not suggesting that petitioner should have taken the stand. He did not.

But his counsel by no means conceded that petitioner's statement contained the truth.

In the cross-examination of both policemen who took the statement, trial counsel sought to cast doubt on whether the confession was voluntarily, intelligently and knowingly made. Counsel asked the jury "to question the voluntariness and the truth of what is in here [in the statement] before you reach any conclusion."

Whatever theoretical effect the judge's charge to consider Stephens' statement only against him may have had, that effect was wholly dissipated by the prosecutor. In his summation, without incurring an admonition from the trial judge, he invited the jury to consider Stephens' statement against petitioner by emphasizing that both defendants had made statements and that they matched each other. He stated "So, what you have here are two men fully informed of their rights under the law and they make statements. They make statements that, surprisingly enough, match each other."

In addition, while the confessions of both defendants agreed as to many details, Stephens' account was more detailed and added a double hearsay statement by the third participant in the alleged crime, Darryl Green, who, Stephens reported, said to petitioner "You killed him."

At 11:05 A.M. of the day the jury reached a verdict they asked the court to define "reasonable doubt." The trial judge then restated his charge on that matter. At 1:00 P.M. the jury requested copies of the statements of the two defendants. The court provided the statements to the jury. At 2:30 P.M. it returned with a verdict. Thus the very last matters on which the jury focused before reaching a verdict were the statements of the two defendants. So far as the record shows these were the only exhibits the jury saw.

This court concludes from all the evidence that there is a reasonable possibility that the improperly admitted evidence contributed to the conviction. *Schneble v. Florida*, 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340 (1972); *Anderson v. Smith*, 751 F.2d 96, 105–106 (2d Cir.1984).

The admission of Stephens' statements violated petitioner's Sixth Amendment right to confront a witness against him. That error was not harmless. The petition is granted, and the court orders the release of petitioner unless the state begins new trial proceedings against him within 90 days from the date of this order.

So ordered.