# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## December 28, 1916.

## THE PEOPLE v. EUGENE GRAHAM.

### (176 App. Div. 38.)

(1.) ATTEMPT TO COMMIT ARSON *—QUESTION FOR JURY.

Upon the trial of an indictment for the crime of attempt to commit arson it appeared that the defendant being at variance with his wife and somewhat intoxicated, took a can of kerosene oil and saturated a bed with the oil; that, after doing this he said to his son: "I won't do it. God has stayed my hand." Then under the direction of the son he left the house and it was claimed that he spilled the oil by accident.

*Held,* that it was for the jury to say whether the defendant poured the oil upon the bed with the intent to commit arson, and if so, whether his desisting therefrom was occasioned by his voluntary withdrawal from consummating his crime or whether he was led to abandon his purpose by his son or some other extraneous circumstance.

(2.) SAME—INTENT.

A charge in substance that even though the defendant changed his mind, if for a time however short, he had it in his mind that he would burn the building, although he did not consummate the act or even change his mind, there would be an intent to commit a crime and it would be a crime in itself, was erroneous although the court subsequently stated the correct rule of law, but did not rescind or in any way modify the first charge.

(3.) SAME.

If the defendant voluntarily abandoned his purpose the crime to commit arson did not exist and the charge was highly prejudicial to the defendant.

(4.) SAME.

Felonious intent alone is not enough to constitute a crime. There must be an overt act shown in order to establish an attempt.

An overt act is one done to carry out the intention, and it must be such as would naturally effect that result.

* See Note, Vol. 30, p. 247.

APPEAL by the defendant, Eugene Graham, from a judgment of the County Court of Cortland county, rendered against him on the 16th day of December, 1915, convicting him of an attempt to commit arson.

*Thomas H. Dowd,* for the appellant.

*James F. Tobin,* for the respondent.

LYON, J.:

The defendant was convicted of the crime of attempt to commit arson. Being at variance with his wife, and somewhat intoxicated, the defendant took a can of kerosene oil and going upstairs into a bedroom, saturated the bed with oil. While in the act of pouring the oil on the bed, defendant's son came upstairs and went into another bedroom. Defendant soon went to the room where the son was and said, " I won't do it. God has stayed my hand." Under the direction of the son the defendant went downstairs and soon thereafter left the house.

Upon the trial the defendant claimed that he spilled the oil upon the bed by accident. It was unquestionably for the jury to say whether the defendant poured the oil upon the bed with the intent of committing arson, and if so, whether his desisting therefrom was occasioned by his voluntary withdrawal from consummating his crime, or whether he was led to abandon his purpose by his son coming upstairs, or by some other extraneous circumstance. In his charge the court said: " Now what had been his intention previous to that time, when he went up there with that oil can and poured out the oil, what was his intention at that time, what was in his mind? If it was an intent upon his part, if he went into that room with that oil, if he poured it out upon the bed, and had it in his mind at that time that he would commit the crime of arson, even though he changed his mind afterward, if for a time, however short or however long, he had it in his mind that he would burn that building, although he did not consummate

the act or did not set fire to it, or even changed his mind, then, gentlemen, there would be an intent to commit a crime and it would be a crime in itself." To this the defendant excepted.

If the defendant voluntarily abandoned his purpose the crime of attempt to commit arson did not exist, and the charge was erroneous and highly prejudicial to defendant. Felonious intent alone is not enough to constitute a crime, but there must be an overt act shown in order to establish an attempt. An overt act is one done to carry out the intention, and it must be such as would naturally effect that result. (People v. Mills, 178 N. Y. 284.)

At the close of the charge defendant's counsel said: "I ask the court to charge that even in the event that they do arrive at the conclusion, beyond a reasonable doubt, that the defendant intended to commit this crime, that there must appear to have been more than a mere design or intent to commit the crime in order to constitute the crime charged, that there must be in addition thereto an act done in the process of a consummation of offense and of such a character that in the ordinary course the crime would have been consummated had not an interruption intervened." The court: "I so charge." This was unquestionably the correct rule. The court added, however: "And they may take into consideration the acts that have been testified to upon that question and as to whether or not there was any intention upon the part of any one in going up there at that time. They may take all those acts into consideration." The court did not rescind or in any way whatever modify his main charge, and it cannot be known upon which instruction the jury acted in rendering its verdict, nor how far the jury may have been misled by the erroneous instruction.

The judgment of conviction must, therefore, be reversed and a new trial had.

All concurred.

Judgment of conviction reversed and new trial granted.