I. DAVID HODAS, Appellant, v. JAMES C. DAVIS, Director-General of Railroads, as Agent under Section 206 of the Transportation Act,* Respondent.

Third Department, November 15, 1922.

Railroads — action for personal injuries suffered in collision at grade crossing — evidence — written statement by witness, who was unable to remember facts at trial, that whistle was blown, not admissible unless verified — sufficiency of verification — mere testimony that he never signed any statement that was not true was not sufficient verification — admission of statement not prejudicial and should be disregarded on appeal under Civil Practice Act, § 106, as other evidence to same effect greatly preponderated.

A signed statement made by a witness as to facts relevant to the issue may be admitted in evidence where the statement was contemporaneously made with the facts therein recited and the witness has since forgotten the facts but verifies the statement by testifying to the effect that he presently knows that at the time he made the statement he knew the facts and that they are stated therein correctly.

The verification of a statement should consist of testimony of present belief, confidence or lack of doubt in the correctness, or assertions of present recollec-

---

* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 26, 1921, 42 id. ——. — [REP.

tion of previous knowledge of the truth of the memoranda, and, without such guaranties of correctness, it is not admissible.

Accordingly, in an action to recover for personal injuries suffered in a collision at a grade crossing, a statement signed by one of the witnesses for the defendant to the effect that a warning whistle was sounded before the train reached the crossing is not admissible in evidence, where the witness, who after signing the statement had suffered an injury and a consequent lapse of memory, could not recall having made the statement or having signed his name thereto, though he recognized his signature, and refused to testify that at the time he made the statement he knew the facts to be true, and where the only verification of the correctness of the statement was his testimony that prior to his own injury he had never signed any paper which did not contain the true facts within his own knowledge.

But the error in admitting the statement in evidence should be disregarded on appeal, under section 106 of the Civil Practice Act, in view of the fact that other proof to the effect that a whistle was blown for the crossing greatly preponderated over the proof to the contrary.

APPEAL by the plaintiff, I. David Hodas, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 18th day of May, 1921, upon the verdict of a jury of no cause of action, and also from an order entered in said clerk's office on the 15th day of June, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Ellsworth Baker*, for the appellant.

*Watts, Oakes & Bright* [*Elbert N. Oakes* of counsel], for the respondent.

H. T. KELLOGG, Acting P. J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff through a collision at a railroad crossing between an automobile which he was driving and a locomotive of the defendant. The plaintiff charged that the collision was due solely to the negligence of the defendant in that no sufficient warning of the approach of the locomotive was given. The proof given upon the trial in relation to the defendant's negligence and the plaintiff's freedom from contributory negligence raised fair issues of fact for the determination of the jury. The jury found a verdict in favor of the defendant, and from a judgment entered upon the verdict this appeal was taken.

A witness named William Meddaugh was called by the defendant. His recollection of the accident was limited to the following: There had been an accident; he had been playing ball at the site of the accident; there was a demolished car near the railroad crossing and a man lying near by; a train stood still at the crossing; the body of the man was taken on board the train. He testified that, about six months after the plaintiff's accident, he had sustained an acci-

dental injury which had so impaired his memory that he could remember no facts concerning the accident other than as stated. A written statement setting forth some of the material facts in relation to the accident was exhibited to him. He recognized the signature at the foot of the statement as his own, but did not recall having signed his name thereto, or having made the statement. Neither did he recall any of the facts recited therein. He declined to testify that at the time he made the statement he knew the facts to be true which were therein stated. He was then asked: " Now, I ask you whether or not prior to the time of the happening of this accident to you did you ever affix your signature to any paper which did not contain the true facts within your own knowledge." His answer was " No." The statement was then offered in evidence, and, under objection and exception, was received. The appellant contends that the admission of the statement constituted reversible error.

Memoranda of past recollection, contemporaneously made with the facts therein recited, although not constituting regular entries in the usual course of business, in the absence of independent present recollection, are receivable in evidence provided their correctness is guaranteed by the persons making them. (*Merrill* v. *I. & O. R. R. Co.*, 16 Wend. 586; *Cole* v. *Jessup*, 10 N. Y. 96; *Halsey* v. *Sinsebaugh*, 15 id. 485; *Guy* v. *Mead*, 22 id. 462.) The question presented is whether or not the correctness of the statement subscribed by Meddaugh was sufficiently verified by him. Chamberlayne states that a memorandum is receivable " provided the maker of the memorandum is able to testify, not only that he made it under proper conditions of contemporaneousness and the like, but also that he knows now that at the time he made the memorandum he knew the facts and that the memorandum states them correctly." (Chamberl. Mod. Ev. § 3508.) Judged by this test, the witness Meddaugh, who made no present assertion of previous knowledge of the truth of the facts recited, gave no proper guaranty of the correctness of the statement. Wigmore says: " If the witness can say, ' I distinctly remember that when I made or saw this memorandum, about the time of the events, I was then conscious of its correctness,' his verification is satisfactory. But if he relies, not on a present recollection of his past state of mind, but on other indications, such as a habit, a course of business, a check-mark on the margin, or merely the genuineness of his handwriting, then the certainty is of a lower quality, though still satisfactory for most practical purposes. In general, it is conceded that when the witness' certainty rests on his usual habit or course of business in making memoranda or records, it is sufficient." (Wigm. Ev. § 747.) The witness Meddaugh, who recognized his handwriting, but failed

to assert either a previous recollection or a present conviction of the correctness of the statement, failed to supply either guaranty of accuracy regarded by Wigmore as sufficient.

Memoranda of past recollection have been stated by the Court of Appeals of this State to be sufficiently verified in the following instances: When the author testifies " that he knew they would not have been made if he had not done the acts " (*Cole* v. *Jessup, supra*); when he testifies " that he had no doubt of the correctness " of the memoranda (*Halsey* v. *Sinsebaugh, supra*); when he testifies " that he is confident that he knew the memorandum to be correct when it was made " (*Russell* v. *H. R. R. R. Co.,* 17 N. Y. 134); when he testifies that " he had no doubt that it was accurate " (*Guy* v. *Mead, supra*); when he testifies " that it was made correctly " (*Marcly* v. *Shults,* 29 N. Y. 346); when he testifies that the memorandum was one " which he intended to make correctly and which he believes to be correct " (*Howard* v. *McDonough,* 77 N. Y. 592); when he says " that it was a true statement of the transactions known to him at the time " (*Peck* v. *Valentine,* 94 N. Y. 569); when " he verifies their correctness " (*National Ulster County Bank* v. *Madden,* 114 N. Y. 281); when he is " able to say in substance that " the writings " were undoubtedly true at the time they were written " (*Lewis* v. *Ingersoll,* 3 Abb. Ct. App. Dec. 55). It will be observed that in the *Marcly* and *Peck* cases the verification approved of consisted of positive testimony of correctness. Obviously no one can testify from memory to the correctness of unremembered facts. Such testimony, therefore, could not express *knowledge;* it could but express *belief* in correctness. When the cases cited are analyzed, therefore, it will be found that the verifications therein approved consist of statements of present " belief," " confidence " or lack of " doubt " in correctness, or assertions of present recollection of a previous knowledge of the truth of the memoranda. We are aware of no authorities in this State which authorize the introduction of memoranda of past recollection without such guaranties of correctness.

Meddaugh testified that he never affixed his signature " to any paper which did not contain the true facts " within his own knowledge. This was not equivalent to a statement that the memorandum in question contained the true facts for the reason that Meddaugh, who denied any recollection of making the statement, was incapable of so testifying. Nor do we think it was the equivalent of an assertion of present belief in the correctness of the statement. The witness may have stated a sufficient premise for entertaining that belief, but the conclusion that he so believed was not asserted. Belief in the correctness of a subscribed statement arises in the mind of a subscriber from a variety of causes known

and unknown. It is an instinctive conviction, and therein lies its value. Such a belief cannot be supplied by any other than its maker upon any theory that what *might* justly have been believed *was* believed. Therefore, we consider that error was committed in receiving the statement.

The objectionable statement reads as follows:

" Statement of Lee Meddaugh. Age eighteen, of Luzon, N. Y. Relative to David (Otis) Hodas being hit by train No. 10 on April 29, 1919. About fifty feet north of road crossing my attention was first called by one long blast of the engine whistle before it reached the curve, and as train came around the curve it blew again for the crossing, which is four blasts, some short and some long blasts. I did not see the accident as I was on the opposite side of the track. I also heard the crossing bell ring before the train reached the crossing and continued to ring for some time after the accident happened.

" (Signed) LEE MEDDAUGH. Witness."

That the crossing bell was ringing before the train reached the crossing was established by the proof without dispute. Therefore, the material facts contained in the statement were to the effect that the locomotive sounded one long blast before it reached the curve in the track and blew four blasts for the crossing as it came around the curve. Ten witnesses, seven of whom were not in the employ of the defendant, testified that a whistle was sounded from the locomotive as it approached the crossing. Three witnesses other than the plaintiff testified that they heard no whistle blown. One of these witnesses testified that he did not listen for a whistle or signal. Another of the three testified that he heard no signal because he was inside a building. The third witness and the plaintiff, therefore, were the only witnesses who testified that they gave attention to the subject of signals and heard ·none. The Civil Practice Act (§ 106) provides that " upon appeal, an error in a ruling of the trial court must be disregarded if a substantial right of any party shall not thereby be affected." In view of the fact that the proof given to the effect that a whistle was blown greatly preponderated over proof to the contrary, we think that no substantial right of the plaintiff was affected by the ruling which admitted the statement in evidence.

The judgment and order should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment and order unanimously affirmed, with costs.