THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT DILLENBECK, Appellant.—Judgment unanimously affirmed. Memorandum: We do not believe that it was error for the court to permit the prosecutor to read the prior sworn statement of Patricia Sanford to the jury as past recollection recorded. Defendant and Daniel Trice were charged with the murder of 17-year-old Arlene Tarkowski, whom they had allegedly abducted and tortured in an attempt to get her to work for them as a prostitute. At the time of defendant's trial, Sanford had been living with Trice for approximately five years and he was the father of her five-month-old baby. It was her apartment at which Trice and Dillenbeck allegedly held and tortured the victim. Although Sanford had testified approximately four times in the Grand Jury under a grant of immunity, she professed not to recall the events preceding the victim's death when she was called as a witness at trial. After replying several times that she was unable to remember the events about which she was being questioned, she was shown a sworn statement she had given to the police on May 1, 1981, one month after the murder. After reading the statement, she claimed that it did not refresh her recollection and the court permitted the prosecutor to read the statement to the jury.

In order for a statement to be admitted as past recollection recorded, four requirements must be met: (1) the witness must be unable or unwilling to testify to the events contained in the memorandum; (2) the witness must have observed the events described therein; (3) the memorandum must have been prepared when knowledge of the contents were fresh in the mind of the witness; (4) the witness must have intended the memorandum to be accurate at the time it was made *(People v Raja,*

77 AD2d 322, 325-326; Richardson, Evidence §§ 469-473 [Prince 10th ed]; McCormick, Evidence §§ 299-303 [2d ed 1972]). It is clear that Sanford was unwilling to testify to the incidents contained in her statement and also that she had observed those events. Although the statement was given one month after the events described therein, they were so unusual and dramatic that they would have been unlikely to fade from memory in one month's time. A more difficult question is presented with respect to the fourth element: whether the witness intended the memorandum to be accurate at the time it was made. Although Sanford testified that she had sworn to the truth of the contents of her affidavit, she attempted to throw doubt on it by saying that she did not recall stating the events in the same manner that the police officer put them down and that he had drafted the statement the way he wanted it. She also testified that the police officer told her that if she did not tell what she knew, she would be arrested for kidnapping.

Great deference should be afforded the Trial Judge in making evidentiary rulings and particularly in those involving credibility. "When passing upon preliminary questions of fact in determining the admissibility of evidence, a trial court is not bound to accept the uncontradicted testimony of a witness. A trial court observes a witness, hears his testimony and therefore is in a special position to evaluate and integrate that evidence with other facts before it" (People v Caprio, 25 AD2d 145, 151, affd 18 NY2d 617). Sanford was on the stand for an entire day, during which her evasiveness and her desire to protect Trice, who had not yet been tried were obvious. It was within the court's discretion to discount her present disclaimers of the statement and find it admissible as a past recollection recorded for whatever weight the jury saw fit to give it.

Defendant argues that because we found the same statement inadmissible in People v Trice (101 AD2d 581), the same result should obtain here. The circumstances in Trice were different from those in the present case. Sanford refused to testify in Trice, invoking her 5th Amendment privilege, and her affidavit was admitted as a statement against penal interest. We found that the statement revealed more that was self-serving than inculpatory and held that it was inadmissible. In contrast, here Sanford was on the stand and was thoroughly questioned by both the prosecutor and defense counsel. In view of the witness' unwillingness to testify and her relationship with the codefendant, we do not believe that it was error

for the court to permit her sworn statement to be read to the jury *(see, People v Raja, supra)*.

We have examined defendant's other arguments and find them to be lacking in merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—murder, second degree.) Present—Callahan, J. P., Denman, Green and O'Donnell, JJ.