■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT E. X. BLYDEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the second degree. This was defendant's third trial. He was originally indicted on a charge of assault in the first degree (Penal Law § 120.10 [1]) arising out of an incident that occurred on September 8, 1976 when, following an argument, defendant struck an acquaintance in the face with a staple gun. The victim was taken by ambulance to a hospital where he was treated for a fractured jaw, several missing teeth and other facial injuries. A staple gun, with two teeth embedded in it,

was found on the ground near the victim. Later that same evening, defendant admitted to a friend that he had hit the victim and apologized for what had happened. Five days after the incident, an eyewitness gave a sworn statement to the police in which he stated that defendant kicked the victim in the head and hit him in the face with the staple gun. At the instant trial, however, this witness testified that he could not recall what happened. The trial court, over defendant's objection, allowed the prosecution to introduce into evidence the witness's prior sworn statement to the police as past recollection recorded. Defendant argues that admission of this prior statement constituted reversible error. We disagree.

In our view, it was properly within the trial court's discretion to discount the witness's present disclaimer of his prior sworn statement to the police and find the statement admissible as past recollection recorded for whatever weight the jury saw fit to give it *(People v Dillenbeck,* 115 AD2d 331, *lv denied* 67 NY2d 650; *People v Raja,* 77 AD2d 322).

We find the evidence to establish defendant's guilt to be overwhelming. We agree that a comment made by the prosecutor in his opening statement was clearly improper. However, defense counsel objected and the trial court properly admonished the jury to disregard the statement and gave a curative instruction. In view of the court's action, we find no abuse of discretion in the court's refusal to grant a mistrial based upon that one isolated comment. (Appeal from judgment of Erie County Court, Dillon, J.—assault, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.