■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. GILMORE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 30, 1986, upon a verdict convicting defendant of the crime of attempted sexual abuse in the first degree.

On September 10, 1985, defendant was walking along the Avenue of the Elms in the Town of Canton, St. Lawrence County, when he was passed by a woman who was jogging along the road. The woman turned onto Route 68 and defendant followed her. He then grabbed her and knocked her to the ground. Defendant dragged the victim by her left ankle into the woods. The victim was screaming during this time. Defendant said "I want you baby" and put his left hand on the front of the victim's shorts and curled his fingers inside the waistband. The victim told defendant that she was having her menstrual period and managed to push his hands away. At that point, defendant released the victim, asked her if she was all right and left her.

Defendant was indicted and charged with attempted sexual abuse in the first degree. A first trial resulted in a hung jury. After a second trial, defendant was found guilty as charged and was sentenced to an indeterminate term of imprisonment of 1 to 3 years. This appeal ensued.

Defendant contends that County Court erred in allowing the People to introduce evidence of a prior similar crime. In his opening statement, defendant's attorney informed the jury that defendant would be relying on the affirmative defense of renunciation. Defendant did not testify in his own defense, but cross-examination of the People's witnesses brought out the details of how he broke off his attack. The People offered proof of a prior similar crime committed by defendant as rebuttal evidence. In that incident, defendant broke into a woman's home and accosted her while she was sleeping. After the woman struggled and screamed, defendant left without raping or sodomizing her.

Evidence of other crimes may not be used to demonstrate a predisposition to commit the crime charged *(see, People v*

*Allweiss,* 48 NY2d 40, 46-47). Such evidence may be introduced if the acts help establish some element of the crime charged or are relevant because of some recognized exception to the rule, such as to show intent, motive, knowledge, common scheme or plan, or identity of the defendant *(see, People v Lewis,* 69 NY2d 321, 325; *People v Molineux,* 168 NY 264, 293). Even where admissible for such purposes, the evidence may not be received unless its probative value exceeds the potential for prejudice to the defendant *(see, People v Ely,* 68 NY2d 520, 529).

Here, defendant relied on the renunciation affirmative defense,* which states: "In any prosecution pursuant to section 110.00 for an attempt to commit a crime, it is an affirmative defense that, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose, the defendant avoided the commission of the crime attempted by abandoning his criminal effort and, if mere abandonment was insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof" (Penal Law § 40.10 [3]). The affirmative defense is not available where the defendant's withdrawal from the attempted crime is motivated by fear of being apprehended, since that is not a voluntary and complete renunciation of the criminal purpose *(see,* Penal Law § 40.10 [5]; *People v Bauer,* 43 AD2d 833). In the instant case, the victim testified that it was after she struggled and screamed that defendant halted his attack. This would tend to demonstrate that defendant feared detection rather than abandoned his criminal intent. On this issue, it is extremely probative proof that, on a prior occasion, defendant attacked a woman and stopped his conduct after she struggled and screamed. Further, if defendant attacked the victim intending to rape or sodomize her, but broke off the attack before completing either crime because he received some sort of sexual gratification from the attack itself, such withdrawal would not have been motivated by an abandonment of defendant's criminal purpose. Evidence of the prior incident would also be probative on this point.

Certainly this evidence was prejudicial to defendant. However, it was also crucial for the People to rebut the affirmative defense which is based on defendant's thought processes which

---

* Contrary to the suggestion made in the dissent, application of the affirmative defense of renunciation to a situation involving a lone defendant is contemplated by the statute *(see,* Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.10, at 131).

are not susceptible of direct proof. Therefore, the evidence was properly admitted.

We have considered the other contentions raised by defendant and find them without merit.

Judgment affirmed. Mahoney, P. J., Kane, Levine and Harvey, JJ., concur.

Yesawich, Jr., J., dissents in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent.

The affirmative defense of renunciation, available in New York for inchoate or anticipatory offenses, usually involving two or more participants, is aimed at diminishing the risk that the substantive crime will be committed *(see generally,* Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.10, at 130-131; 7 Zett, NY Crim Prac ¶ 63.6 [2]). While this defense readily lends itself to the situation where multiple parties are involved and the defendant has completed an attempt to commit a crime but then has exerted a substantial effort to prevent consummation of the substantive offense by his accomplices or coconspirators *(see,* Penal Law § 40.10 [3]; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.10, at 131), I find the majority's willingness to condone its application in this instance where the only crime charged was an attempt particularly troublesome.

An individual can avoid liability for the crime of attempting to commit the substantive offense only by abandoning his activity before the attempt has been completed *(People v Graham,* 176 App Div 38, 39). If he does so, voluntarily or otherwise, there has been no attempt and the renunciation defense is uncalled for. And when the attempt has indeed been consummated, renunciation is no less superfluous for the crime of attempt has in fact been committed *(People v Johnston,* 87 AD2d 703, 704; *but see,* Hoeber, *The Abandonment Defense to Criminal Attempt and Other Problems of Temporal Individuation,* 74 Cal L Rev 377, 411-412 [and cases cited therein]).

Crediting the People's proof, as we are obliged to do *(People v Kennedy,* 47 NY2d 196, 203), it is clear defendant perfected an attempt to sexually abuse his victim before he engaged in any act that might be construed as abandonment. Since the facts of this case do not permit of the possibility of an effective renunciation as a matter of law, the evidence of defendant's prior crime lacked any probative value whatsoever for there was no affirmative defense to rebut. Occasions where a defen-

dant raised a defense to his own detriment when he was not entitled to raise such a defense appear rare, and it is, therefore, unclear whether that self-imposed prejudice can serve as a basis for setting aside a conviction *(but see, People v Mann,* 31 NY2d 253, 259-260, citing *Sorrells v United States,* 287 US 435, 451-452). However, that question need not be confronted now because the use of the evidence of defendant's prior similar crime unfairly engendered such prejudice as to constitute reversible error even if renunciation had been available as a defense, for this evidence simply depicted defendant as having a predisposition to commit the crime charged *(see, People v Mullin,* 41 NY2d 475, 479; *People v Fiore,* 34 NY2d 81, 84).

The prosecutor not only elicited testimony from the prior victim disclosing striking similarities in the manner in which both crimes were committed, but went on to highlight those similarities at the conclusion of his summation. Moreover, the prior victim's testimony, insofar as it bore on defendant's motive to break off his attack on the victim in the instant case, was merely cumulative; the latter's testimony is replete with evidence that defendant did not cease voluntarily, but was dissuaded by her physical and verbal resistance. In my view, the inflammatory nature of the prior victim's testimony so far exceeded its probative worth as to require a new trial *(see, People v Ely,* 68 NY2d 520, 529).