■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER FIELDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Braatz, J.), rendered September 13, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was indicted, inter alia, for murder in the second degree. In their written and signed statements given to the police and in their testimony before the Grand Jury, the prosecution's key witnesses, Michael Walton and Roy Eldridge, implicated the defendant in the crimes charged. However, at the trial, Walton refused to testify against the defendant, improperly invoking his Fifth Amendment right against self-incrimination, and Eldridge repudiated his prior statement and Grand Jury testimony. The People alleged that the witnesses' refusal to proffer incriminating testimony against the defendant was the result of misconduct by or on behalf of the defendant and requested the admission of the witnesses' Grand Jury testimony on the ground the defendant had waived his right of confrontation and his objection to this evidence as hearsay. After a hearing conducted pursuant to United States v Mastrangelo (693 F2d 269) and Matter of Holtzman v Hellenbrand (92 AD2d 405) (hereinafter a Hellenbrand hearing), the trial court found that the People had not met their burden of proving by clear and convincing evidence that Walton's improper refusal to testify at trial and Eldridge's repudiation of his Grand Jury testimony were induced by the defendant's misconduct. Consequently, the Grand Jury testimony was ruled inadmissible. However, the trial court admitted into evidence the witnesses' prior written

statements to the police under the past-recollection-recorded exception to the hearsay rule.

When a witness is either unable or unwilling to testify as to the contents of a memorandum, the memorandum is admissible as substantive evidence of the truth of its contents, if (1) the witness once had knowledge of the contents of the memorandum, (2) the memorandum was prepared by the witness, or at his direction, (3) the memorandum was prepared when the knowledge of the contents was fresh in the mind of the witness, and (4) the witness is able to swear that he believed the memorandum correct at the time it was made *(see, People v Raja,* 77 AD2d 322, 325; *People v Caprio,* 25 AD2d 145, 150, *affd* 18 NY2d 617). On appeal, the defendant contends, *inter alia,* that the fourth requirement was not met and, thus, admission of the witnesses' prior statements to the police was error. Although this issue of law is not preserved for appellate review with respect to the admission of Walton's statement, we have exercised our discretionary power to review it in the interest of justice. We find that the admission of both witnesses' statements was reversible error.

Before a memorandum can be received as a past recollection recorded, the correctness of the statements contained in the memorandum must be verified by the witness *(see, Ianulli v Consolidated Edison Co.,* 75 AD2d 223, 228; *People v Caprio, supra).* The fourth requirement for a foundation for the admission of such evidence is that the witness must be able *now* to assert that the record accurately represented his knowledge and recollection at the time the writing was made *(see,* 3 Wigmore, Evidence § 747 [Chadbourn rev 1970]; *see, e.g., Hodas v Davis,* 203 App Div 297). At the trial, neither Walton nor Eldridge verified their prior statements. Moreover, Eldridge insisted that his prior statement and Grand Jury testimony were inaccurate. He maintained that when he made the prior statement, he was under the influence of narcotics and in fear of the police because of his parolee status. Eldridge further asserted that he would have told the police practically anything.

Since Walton repeatedly invoked the Fifth Amendment right against self-incrimination in response to questions asked during his direct examination and Eldridge denied the accuracy of his statement, the prosecutor attempted to establish the requisite foundation for admission of the statements as past recollections recorded with the testimony of the detective who was present when the respective statements were transcribed, read by the witnesses for accuracy and signed before a

notary public. However, a witness who verifies the correctness of the facts recorded must have had personal knowledge of the facts in the first instance *(see,* 3 Wigmore, Evidence § 747 [Chadbourn rev 1970]). Consequently, the detective's testimony does not meet the fourth requirement for a foundation. Moreover, the fact that a prior statement was made under oath does not suffice to establish the requirement that the author has a present belief that the statement was correct at the time it was made *(see, e.g., United States v Patterson,* 678 F2d 774, *cert denied* 459 US 911). Since neither Walton nor Eldridge swore that he believed his statement correct at the time it was made, the requisite foundation for admitting the statements as past recollections recorded was not established.

The People argue that even if the prior statements were not admissible under the past-recollection-recorded exception to the hearsay rule, the statements were admissible under the theory that the defendant waived the hearsay objection because Walton's and Eldridge's refusal to testify against the defendant was due to the defendant's misconduct and that the trial court's contrary finding of fact on this issue, after the *Hellenbrand* hearing, was erroneous. On appeal, this court has the power to "consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have *adversely affected the appellant"* (CPL 470.15 [1] [emphasis added]). Since the trial court's determination of the factual issue litigated at the *Hellenbrand* hearing was not adverse to the defendant, this court may not review it *(see, People v Goodfriend,* 64 NY2d 695; *People v Heizman,* 127 AD2d 609, 610; *cf., People v Mucciolo,* 104 AD2d 905, 906; *People v Nieves,* 67 NY2d 125, 135-137).

The only proof of the defendant's guilt is inadmissible hearsay evidence. Without this evidence, the People failed to make out a prima facie case. Accordingly, the defendant's conviction is reversed and the indictment is dismissed *(see, People v Bouton,* 50 NY2d 130, 136; *People v Burnett,* 149 AD2d 717). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.