■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TRICE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial and sentenced as a predicate felon to 25 years' to life imprisonment. He contends that the evidence was insufficient to convict him of felony murder because it failed to establish the

underlying crime of kidnapping; that he was deprived of a fair trial by the prosecutor putting defendant's wife on the stand when he knew that she would claim her Fifth Amendment privilege; that the court improperly admitted the prior testimony of a witness whose unavailability was caused by the prosecution; that he was deprived of a fair trial by prosecutorial misconduct; that the court erred in giving a "no inference" charge without a request by defendant; that the court's charge on felony murder and the verdict sheet were erroneous; that the trial court was biased against him; that the sentence is illegal because of the court's failure to order an updated presentence report; and that defendant was denied the effective assistance of counsel. None of defendant's contentions has merit.

In determining whether a verdict is supported by the evidence, we must examine the evidence in the record and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial *(Cohen v Hallmark Cards,* 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" *(People v Bleakley,* 69 NY2d 490, 495). Although the proof against defendant is circumstantial, there was ample evidence to establish that defendant kidnapped the victim, attempted to force her into working for him as a prostitute, that he was extremely angry over her failure to cooperate, that he threatened to kill her, bragged that he had tortured her and admitted to friends and jailmates that he had killed her in a burst of anger over her "failure to produce".

Defendant urges us to find that the court should have granted his motion for a mistrial when his wife, an unindicted coconspirator, was called as a prosecution witness and invoked her Fifth Amendment privilege. Defendant contends that the People were on notice that she would not testify against him but that they called her to the stand so that she would invoke her privilege before the jury, thus inuring to the prejudice of defendant. Patricia Trice, who was then Patricia Sanford, had refused to testify at defendant's first trial *(see, People v Trice,* 101 AD2d 581). Anticipating a refusal at defendant's retrial, the People conducted a hearing pursuant to *United States v Mastrangelo* (693 F2d 269) in order to show, as a basis for using her Grand Jury testimony, that defendant had threatened her and thereby caused her "unavailability". Although she indicated at the outset of the hearing that she would not

testify against defendant, she did testify at the hearing, as she had at the trial of defendant's codefendant, Scott Dillenbeck *(see, People v Dillenbeck,* 115 AD2d 331, *lv denied* 67 NY2d 650), without invoking her privilege against self-incrimination. Before the second trial, the prosecutor asked counsel for Patricia Sanford whether she intended to invoke the Fifth Amendment privilege if called to testify. Counsel replied that she did not know. The prosecutor then called Sanford to the stand outside the presence of the jury. After she had answered a number of questions without invoking the privilege, the jury was brought in. Her testimony was then read to the jury and several more questions were asked and answered. When the prosecutor asked if she had told police that the victim had been at defendant's house, the witness invoked the Fifth Amendment. The jury was immediately excused. Defense counsel moved for a mistrial on the ground that defendant was prejudiced by his wife's invocation of the Fifth Amendment before the jury. The court denied the motion but immediately instructed the jury not to speculate about the reasons for the witness's invocation of the Fifth Amendment, struck her testimony, and instructed the jury to disregard it in its entirety. The court repeated that curative instruction in its final charge. In these circumstances, it was not an abuse of discretion for the court to deny a mistrial.

At the first trial, Randy Nunnally, a friend of defendant, testified that he was on a bus from Rochester to Syracuse with defendant and the victim on March 23, i.e., a few days before her death. He testified that defendant argued with the victim, repeatedly called her a "bitch", spat on her, removed drugs from her purse and gave them to Nunnally saying that the victim "didn't deserve them", threatened to kill her and continued to excoriate her for "failing to produce". Seeking to have Nunnally repeat that testimony at defendant's second trial, the People arranged for Nunnally's early release from prison. An investigator transported him from the prison to a hotel, where he was put up at the expense of the District Attorney's office. Immediately before he was to testify, Nunnally absconded. The People made diligent efforts to locate him, tracing his phone calls from the hotel, interviewing friends and obtaining a bench warrant for him, but were unable to find him. After a week's delay, the court permitted the People to admit his testimony from the prior trial. Defendant contends that the court erred in allowing that prior testimony because the People caused the witness's unavailability. Although they were certainly negligent to allow the

witness to remain free in a hotel, the People did not cause his disappearance and the court did not err in allowing the prior testimony to be read into evidence because the circumstances met the requirements of the former testimony exception to the hearsay rule *(see,* CPL 670.10).

Defendant also complains of numerous alleged instances of prosecutorial misconduct. None of the claimed errors was preserved for our review and we decline to review them in the interest of justice.

We have reviewed the remaining arguments of defendant and find that all of them are lacking in merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—murder, second degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.