■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SAUNDERS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), entered June 16, 1989, convicting defendant of attempted robbery in the second degree and sentencing him, as a violent predicate felony of-

fender, to an indeterminate term of imprisonment of 3½ to 7 years, unanimously affirmed.

Defendant argues that the trial court erred in denying his application that a renunciation charge be submitted to the jury as an affirmative defense. The evidence in this case makes clear that whatever arguable abandonment occurred in defendant's criminal purpose, it did not manifest voluntary and complete renunciation. (See, Penal Law § 40.10 [3].) Rather, the evidence indicates that circumstances existed which rendered the accomplishment of defendant's criminal purpose difficult, to the extent that the victim persuaded him that she did not have money, or else that defendant postponed his criminal conduct only to transfer his criminal effort to another victim. (Penal Law § 40.10 [5].) We also note that the second potential victim, as well as other people, arrived at the bank shortly after the incident, from which it may be inferred that the defendant withdrew from the attempted robbery out of fear of detection (see, e.g., People v Gilmore, 134 AD2d 653, lv denied 72 NY2d 859). Defendant has failed to carry his burden of proving the affirmative defense by a preponderance of the evidence (People v Butts, 72 NY2d 746, 749, n 1) and no reasonable view of the evidence supports a finding of the affirmative defense of renunciation, relieving the court of any obligation to submit the question to the jury (People v Watts, 57 NY2d 299, 301).

Finally, defendant has failed to preserve any challenge to the prosecutor's summation by objection, as a matter of law. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.