■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant.—Judgment unanimously modified on the law and as modified affirmed, and new trial granted on count one of the indictment, in accordance with the following Memorandum: On appeal from his conviction of second degree burglary and petit larceny, defendant contends that the court erred in admitting the prior testimony of a prosecution witness under the past recollection recorded exception to the hearsay rule, and that the court's charge on burglary violated the rule of *People v Gaines* (74 NY2d 358). The prior testimony was improperly admitted under the past recollection recorded exception to the hearsay rule because the testimony did not meet at least one of the four requirements of that exception *(see, People v Fields,* 151 AD2d 598, 599; *People v Dillenbeck,* 115 AD2d 331, *lv denied* 67 NY2d 650; *People v Raja,* 77 AD2d 322, 325-326). The witness must be able to swear that she believed the prior testimony to be correct at the time she gave it *(People v Fields, supra; People v Raja, supra; People v Caprio,* 25 AD2d 145, 150, *affd* 18 NY2d 617); here, the witness did not verify the correctness of her prior testimony or otherwise establish its reliability *(People v Fields, supra,* at 599-600).

The court's charge was erroneous. In the circumstances presented here, the court should not have charged the "or remains" language of the burglary statute *(see, People v Gaines, supra).*

As a consequence of the court's errors, we reverse defendant's conviction of burglary. Neither error impacted upon defendant's conviction of petit larceny, however, and consequently we affirm that conviction. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Burglary, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.