■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TAYLOR, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered April 19, 1988, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, attempted rape in the first degree, and sexual abuse in the first degree, and sentencing him to concurrent, indeterminate prison terms of 8⅓ to 25 years for the rape and sodomy counts, consecutive to concurrent, indeterminate prison terms of from 5 to 15 years for attempted rape and from 2⅓ to 7 years for sexual abuse, unanimously affirmed.

Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 25, 1988, convicting defendant, upon his guilty pleas, of rape in the first degree (four counts) and attempted rape in the first degree, and sentencing him to concurrent, indeterminate prison terms of from 8⅓ to 25 years for each rape count and a consecutive indeterminate prison term of from 5 to 15 years for attemtped rape, all to run concurrent to the sentences imposed upon defendant's conviction after trial, unanimously affirmed.

Defendant was tried and convicted for the rape of Clara B.

and the attempted rape of Elizabeth G. These complainants, as well as two others, identified defendant in a pretrial lineup. The People met their burden of proving that the lineup identifications were not unduly suggestive. Furthermore, defendant did not have the right to have the complainants testify at the *Wade* hearing since defendant's evidence of suggestiveness was purely speculative *(People v Chipp,* 75 NY2d 327, *cert denied* — US —, 111 S Ct 99). The complainants waited in a room that was attended by a police employee who was instructed to prevent conversation. Furthermore, an investigation proved false trial counsel's complaint that the fillers were in view of the complainants.

A few weeks after the rape, Clara B.'s neighbor, saw defendant getting into a car, transcribed his license plate number, and immediately called the precinct to report the license plate number. This neighbor spoke to a police officer, who testified that he wrote down a telephone message for a detective which included the license plate number. At trial, the neighbor stated that she destroyed the paper with the license plate number and had no present recollection of the number. Over objection, the prosecutor was permitted to admit the officer's phone message under the hearsay exception for a past recollection recorded.

This Court has not explicitly dealt with the issue as to whether a document recorded by one individual, which records information within the personal knowledge of another person, is admissible as the past recollection recorded of the latter person, when both persons testified at trial regarding the accuracy of their respective roles. We now hold that under these circumstances, the trial court may, in its discretion, admit such documents as past recollection recorded *(see, Swart v United States,* 394 F2d 5). Here, the trial court did not err in admitting the officer's phone message since Clara B.'s neighbor testified that she accurately reported the license plate number to the officer who testified regarding the accuracy of his recording of the neighbor's phone message.

However, the court incorrectly ruled that the prosecutor laid a proper foundation for admitting an uncertified Department of Motor Vehicles record of defendant's automobile registration. The mandatory requirement of CPLR 4518 (c), that the document bear a certification of authentication by the department head, was improperly excused. However, the court's admission of the document was harmless since the evidence against defendant was overwhelming.

Finally, the court properly refused to instruct the jury on

the affirmative defense of renunciation since there was no reasonable view of the evidence that defendant manifested voluntary and complete renunciation of his purpose to rape Elizabeth G. *(People v Saunders,* 168 AD2d 284.) Even viewing the evidence in the light most favorable to defendant, the evidence demonstrates that defendant merely postponed his criminal purpose to rape Elizabeth G. and it was only through the resourcefulness of Elizabeth G. herself, that she was able to avoid being raped by defendant. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.