OPINION OF THE COURT
John A. Milano, J.
The issue to be considered by this court concerns whether a police report recorded by a police officer at the scene of an accident, which records information within the personal knowledge of a witness, is admissible as the past recollection recorded of the witness, where the officer testifies at trial and *931 the witness is unable or unwilling to testify at trial but had previously testified at an examination before trial (EBT). This court holds the trial court may in its discretion admit such police report as past recollection recorded as hereinafter set forth.
Plaintiff has brought this action to recover for personal injuries sustained as a result of a motor vehicle accident. Plaintiff was stopped in her vehicle at a red traffic signal when she was struck in the rear by another vehicle. The other vehicle was traveling at such a high rate of speed that the impact propelled plaintiff’s vehicle some 10 or 15 feet into the intersection. After the impact, the driver of the other vehicle did not exit the vehicle, but rather drove away from the accident scene.
Within a few minutes of the accident a police cruiser arrived on the scene. The officer interviewed the plaintiff and another motorist who was also stopped at the red traffic signal and had witnessed the accident. The witness, Bernard Lanoix, advised the officer that the driver of the other vehicle, a Nissan Maxima, was a blonde haired woman and that the license plate of her car was New York, XPG319. The plaintiff could not provide the license plate number of the other car. As a result of the officer’s investigation, the officer prepared a police accident report.
The accident occurred at or about 12:10 a.m. on August 24, 1988. On December 31, 1990 a deposition of Lanoix was conducted. At the EBT, Lanoix was questioned about the facts of the accident. He admitted that his present memory of the accident was not clear. He did testify that at the time of the accident he had the opportunity to observe the other vehicle which remained at the scene some 20 seconds after impact before driving off.
Excerpts from the Lanoix testimony provide:
"Q. Approximately how many feet away from vehicle number two were you during this twenty second period?
"A. Well, they were in the left lane and I was in the far right lane, so the only thing separating us was the center lane.
“Q. Were you able to note the plate number on vehicle number two at the scene?
"A. Yes, I was.
"Q. How long did you observe that plate at the scene?
"A. I was able to look at it for about five, ten seconds.
*932 "Q. Did you write it down or did you commit it to memory?
"A. I committed it to memory, yes.
"Q. What did you do with the plate number that you memorized?
"A. I gave it to the police officer.
"Q. Did the police come to the scene?
"A. Yes. There was a car going down Sunrise Highway. He stopped and came over. He talked to the lady that was hit.
"Q. About how many minutes transpired between the incident and the time police came on the scene?
"A. Two minutes.”
After jury selection and prior to the commencement of the trial, plaintiffs counsel advised this court that Lanoix would not be available to testify at trial. Accordingly, plaintiff applied to the court for a declaration that the license plate number as reported by Lanoix and contained in the police report would be admissible at the trial. Defendant opposed the application taking the position that disclosure to the jury of the license plate number as contained in the police report would be barred as hearsay.
A hearing was held at which John Johnsen, the police officer who prepared the police report, was called as a witness. At that hearing the officer testified that Lanoix reported the license number to him within several minutes of the accident and that the license number set forth in the police report was in fact the number reported by Lanoix.
A police report is clearly a business record, as the police officer preparing such report is under a business duty to investigate the subject of the report and memorialize the details thereof. Business records are addressed by Richardson on Evidence in chapter 14 (Prince 10th ed 1973). Section 299 (at 275) provides in pertinent part: "(a) If the informant was under a business duty to perceive the event and to transmit information concerning it to an entrant who was under a business duty to record it, the entry is admissible for its truth under Rule 4518 of the Civil Practice Law and Rules.”
Although this court believes that it is appropriate for a citizen to report an occurrence calling for police service, which that citizen has witnessed, such report is not a legal duty of the citizen. Neither was it a business duty of Lanoix to transmit such information to the police and accordingly, the police report cannot be admitted into evidence for its truth pursuant to CPLR 4518.
*933 Continuing its analysis of business records in section 299, Richardson further discusses interpretation of the business records exception of CPLR 4518 as set forth in the decisional case law of New York: "(b) If the informant was not under a business duty to impart the information, but the entrant was under a business duty to obtain and record the statement, the entry is admissible under Rule 4518 to establish merely that the statement was made. To receive the statement for its truth, another hearsay exception is necessary.”
In the case at bar, the witness, Lanoix was not under a business duty to impart the information, but the entrant, Police Officer Johnsen was under a business duty to obtain and record the statement. Thus, the court, pursuant to CPLR 4518, has the discretion to admit the police report to establish that Lanoix’s statement as to the license plate number of the fleeing vehicle was made. For the police report to have been admissible for its truth, another hearsay exception would be needed.
This court must next consider whether it is appropriate to admit the police report for the purpose of establishing that Lanoix did in fact make a statement to the officer as to the license plate number of the fleeing vehicle.
The license number of the fleeing vehicle was crucial to plaintiffs case in order to connect the defendant with the accident. Lanoix was the only witness to identify the license number. Unfortunately, for plaintiff, Lanoix was either unable or unwilling to testify at trial. At the pretrial hearing the court inquired into plaintiffs efforts to produce Lanoix at the trial and found that plaintiff had exercised substantial diligence. Lanoix’s unavailability at the trial was thus the predicate which raised the issue of the admissibility of his recorded statement as to identification of the license plate number.
To be determined by this court is the question of whether Lanoix’s identification of the license plate number as memorialized in the police report qualifies as a "past recollection recorded”.
The Appellate Division, Fourth Department, held in the case of People v Dillenbeck (115 AD2d 331, 331-332): "In order for a statement to be admitted as past recollection recorded, four requirements must be met: (1) the witness must be unable or unwilling to testify to the events contained in the memorandum; (2) the witness must have observed the events described therein; (3) the memorandum must have been pre *934 pared when knowledge of the contents were fresh in the mind of the witness; (4) the witness must have intended the memorandum to be accurate at the time it was made (People v Raja, 77 AD2d 322, 325-326; Richardson, Evidence §§ 469-473 [Prince 10th ed]; McCormick, Evidence §§ 299-303 [2d ed 1972]).”
Applying the four-pronged test to the case at bar, it is clear that the first prong applies as Lanoix was unable or unwilling to testify at trial. As to prong two, it is uncontroverted that Lanoix was present and observed the accident. The officer recorded Lanoix’s statement regarding the license plate within minutes of the accident as required by prong three. Prong four can be determined by considering the testimony of Lanoix in his EBT and the testimony of the officer at the pretrial hearing.
Lanoix had been deposed by counsel for both plaintiff and defendant at an EBT held on December 31, 1990. Prior to trial plaintiff had requested leave to use Lanoix’s EBT testimony because he was unable or unwilling to testify at trial. At the pretrial hearing the court inquired into the efforts of plaintiff to make Lanoix available at trial. After taking sworn testimony of plaintiff’s trial counsel’s partner, this court found that numerous phone calls had been made, letters sent and an investigator was hired to visit Lanoix’s last known residence. Predicated upon the evidence adduced at the hearing the court found plaintiff’s efforts went beyond diligence and rose to a level of substantial diligence. Accordingly, pursuant to CPLR 3117 (a) (3) (iv) the court ruled that the EBT testimony of Lanoix, so far as admissible under the rules of evidence could be used at trial.
In his EBT transcript Lanoix testified that the information contained in the police report seemed accurate to him and although he had no present recollection of the contents of the report, he accepted as accurate the facts as written on the report.
The officer who prepared the report testified at the hearing that he verified the information when he recorded it on the report.
In light of testimony of Lanoix at the EBT, and the officer at the hearing, this court concludes that Lanoix intended the information contained in the report, specifically the license plate number, to be accurate at the time the report was made. This court therefore determined that the license number was *935 admissible, having found the report of the license plate number to have qualified under the four-pronged test as past recollection recorded.
As recently as June of 1991, the Appellate Division, First Department, raised this precedential issue in a case in which the evidence in question involved a license plate number. In People v Taylor (174 AD2d 430, 431) the Appellate Division held: "This Court has not explicitly dealt with the issue as to whether a document recorded by one individual, which records information within the personal knowledge of another person, is admissible as the past recollection recorded of the latter person, when both persons testify at trial regarding the accuracy of their respective roles. We now hold that under these circumstances, the trial court may, in its discretion, admit such documents as past recollection recorded (see, Swart v United States, 394 F2d 5).”
The fact that Lanoix was not physically present to testify at trial is irrelevant as this court ruled that his EBT testimony was admissible subject to the usual rules of evidence. Therefore, under authority of the Dillenbeck case (supra) and the Taylor case (supra), subject to this court’s discretion, the license plate number was properly admissible.
The Appellate Division, Second Department, has also ruled on many occasions as to the admissibility of statements considered to be past recollection recorded. Probably the most notable of these cases was People v Raja (77 AD2d 322 [1980]). Raja was notable not only for its detailed analysis of the four prongs but also for the holding that past recollection recorded can be admissible as substantive evidence of the truth of its contents. In the decision of People v Bid (87 AD2d 844, 845 [1982]), the Appellate Division, Second Department, cited Raja for the proposition of "admission of past recollection recorded 'as substantive evidence of the truth of its contents’ ”.
Although these two cases provide authority to use past recollection recorded for the truth of its contents, this court has been unable to find any other such authority. Other cases speak only in the more general terms of the contents "being admissible”. There is no shortage, however, of cases holding that "Great deference should be afforded the Trial Judge in making evidentiary rulings and particularly those involving credibility.” (People v Dillenbeck, supra, at 332.) Citing Dillenbeck and Raja (supra), the Appellate Division, Fourth Department, held in 1988 in People v Blyden (142 AD2d 959, 960):
*936 "In our view, it was properly within the trial court’s discretion to * * * find the statement admissible as past recollection recorded for whatever weight the jury saw fit to give it.”
Having determined that the license plate number as set forth in the police report was admissible as past recollection recorded, it was within this court’s discretion to assign the weight to be given to this evidence. After due consideration, this court concluded that to allow the license plate number to be admitted as to its truth, in other words, that the license plate number was truly the plate number of the fleeing car would be overly prejudicial to the defendant. Rather, the license number is to be admitted only as to the fact that this was the license number reported to the police, by the witness Lanoix, as the license number of the fleeing car. The jury, as the trier of the fact, was then free to determine the amount of weight to be given to the evidence.