■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BARBER, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 13, 1989, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, unanimously affirmed.

Less than twenty-four hours after the shooting, a witness gave a sworn felony statement to an Assistant District Attorney indicating that he saw defendant pull out a gun and shoot the deceased. After the witness denied at trial that he had seen defendant pull out a gun, the court properly allowed the prosecutor to impeach the witness with his prior inconsistent statement (CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44).

The witness subsequently testified that he did not recall whether he had seen defendant pull out a gun. He recalled making the felony statement to the Assistant District Attorney and asserted that he had tried to be accurate at the time it was made. However, on cross-examination, the witness asserted that he was frightened by the police and some things he said in the statement were not truthful. Under these circumstances, the court properly exercised its discretion to admit the statement as substantive evidence under the past recollection recorded exception to the hearsay rule. As distinguished from *People v Fields* (152 AD2d 958) and *People v Smart* (171 AD2d 1072), which defendant relies on, there was a basis in the record for the court to conclude that the witness had verified that the prior statement was accurate at the time it was made. In any case, a trial court may exercise its discretion to discount the witness's present disclaimer of his prior sworn statement and find the statement admissible as past recollection recorded for whatever weight the jury saw fit *(People v Blyden,* 142 AD2d 959; *People v Dillenbeck,* 115 AD2d 331, *lv denied* 67 NY2d 650). Since the statement was admissible under the doctrine of past recollection recorded, the court also did not err in instructing the jury that the statement could be considered as evidence-in-chief. Furthermore, it was not improper for the Assistant District Attorney who interviewed the witness to testify regarding the contents of the sworn statement and to refute the witness's testimony that the statement was not voluntary. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin.