■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant. [673 NYS2d 77] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered April 10, 1996, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on each conviction, unanimously affirmed.

Simultaneous representation by defendant's counsel's office of another client in connection with an unrelated criminal case, regarding which defendant denied any knowledge that might have provided a basis for a cooperation agreement, presented no actual conflict of interest (see, People v Gomberg, 38 NY2d 307, 313), since no conflict actually arose (see, People v Ortiz, 76 NY2d 652, 656-657). The mere fact that defendant was a friend of the other client did not create even a potential conflict of interest because defendant assured the court and counsel that he had absolutely no knowledge relevant to the unrelated case, and counsel had no reason to fear that defendant might undermine the firm's representation of its other client. Thus, defendant may not properly claim ineffective assistance of counsel based on a conflict of interest because defendant has failed to demonstrate "a significant possibility that a conflict of interest existed that operated to his detriment and bore a substantial relation to the conduct of his defense" (People v Torres, 224 AD2d 269, 270, lv denied 88 NY2d 943).

Defendant's claim that he was improperly denied a free transcript is not preserved and we decline to review it in the interest of justice.

Since the People laid the proper foundation for admission of evidence of past recollection recorded, the court appropriately exercised its discretion in ruling, based on that foundation, that the document was sufficiently reliable to be admitted into evidence (People v Taylor, 80 NY2d 1, 8-9). The weight to be accorded the evidence was for the jury to determine (People v Barber, 186 AD2d 483, 484, lv denied 81 NY2d 836). Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ.